823 So.2d 752 (2002)
Randy Lavern SPENCER, Petitioner,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, et al., Respondents.
No. SC00-1898.
Supreme Court of Florida.
July 3, 2002.
*753 John C. Schaible, Florida Institutional Legal Services, Inc., Gainesville, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Joy A. Stubbs, Assistant Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
Randy Lavern Spencer petitions this Court for a writ of mandamus. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const. For the reasons set forth below, we deny the petition.

FACTS
Spencer is an inmate incarcerated in a Florida prison for, among other crimes, a twenty-two-year sentence for murder. He filed a civil rights complaint in the United States District Court for the Middle District of Florida, which dismissed the petition without prejudice for failure to comply with its orders.[1] Spencer then appealed the dismissal. He sought to proceed without paying the filing fee (i.e., to proceed in forma pauperis), but the federal trial court found the appeal had not been taken in good faith. The Eleventh Circuit Court of Appeals upheld the order and dismissed the appeal as frivolous. The Eleventh Circuit's order was sent to the prison where Spencer was incarcerated, which instituted disciplinary proceedings, held a hearing,[2] and forfeited 120 days of Spencer's gain time. Spencer then filed the instant petition for writ of mandamus in this Court, seeking to overturn the finding of frivolousness and a restoration of his gain time.

ANALYSIS
This Court held in Hall v. State, 752 So.2d 575 (Fla.2000), that if a state court recommends to the Department of Corrections (department) that it discipline an inmate for filing a frivolous action in accordance with section 944.28(2)(a), Florida Statutes (2001), it is to do so in accord with section 944.279, Florida Statutes (2001). Section 944.279 is the statutory provision giving Florida's courts the authority to *754 refer inmates to the department for discipline when they have engaged in misconduct in their courtrooms.
Section 944.279, by its express language, also includes "federal courts." Obviously, the Florida Statutes cannot require compliance by a federal court. However, here, even though the federal court did not cite to Florida's statutory scheme for disciplining inmates for filing frivolous lawsuits, there was substantial compliance with the prerequisites of that statutory scheme. Section 944.279, Florida Statutes (2001), provides, in pertinent part:
944.279 Disciplinary procedures applicable to prisoner for filing frivolous or malicious actions or bringing false information before court.
(1) At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.
(Emphasis added.) As noted above, the federal court found that Spencer's appeal was not taken in good faith. Clearly, therefore, a court, in this instance a federal court, acted in accord with the requirement that the court "conduct an inquiry into whether ... [the] appeal was brought in good faith."
Further, while it is unclear whether the copy of the order sent to the department was certified, as is set forth in the statute, Spencer has not raised that issue, and we deem it now waived. It is also clear from the record that after the department received the order, in accordance with the statute it conducted "disciplinary procedures pursuant to the rules of the [department]." § 944.279, Fla. Stat. (2001). The department's rules specifically provide for discipline when a court finds that an inmate has filed a frivolous lawsuit. See Fla. Admin. Code R. 33-601.314 (9-32). The rules also provide that an inmate charged with such a rule violation is entitled to a due process hearing before discipline is imposed. See Fla. Admin. Code R. 33-601.307. These rules specify how the due process hearing should be conducted, how the findings of fact should be determined, how the discipline should be determined, and how to appeal that decision. See Fla. Admin. Code R. 601.303.310.
Spencer complains that the department's procedures in conducting the disciplinary proceeding violated his due process rights. We cannot agree. The department has been given a good measure of discretion in disciplining the inmates over which it has custody. See Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) ("Subjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration.").[3] The disciplinary *755 team gave Spencer prior notice and a hearing at which he was given the opportunity to rectify any mistakes (such as the order not pertaining to him, for example) and to argue as to what his sanction might be. It seems clear even from Spencer's own brief that the disciplinary team deliberated at length as to the appropriate sanction. The department's discretion was exercised in consideration of Spencer's substantial gain time (ten years) and did not constitute an abuse of discretion. Thus, we conclude that the department complied with its disciplinary rules and with the prerequisites of the statutory scheme.
Spencer also argues that sections 944.279 and 944.28(2)(a) are unconstitutional on their face and as applied because they do not meet the strict scrutiny test. He concludes that they violate his rights to free speech and to petition the government as provided under the First Amendment to the United States Constitution as well as Florida's free speech and access to courts clauses.[4]See U.S. Const. amend. I; art. I, §§ 4, 21, Fla Const.[5] They violate those provisions, he asserts, because they chill or frustrate the constitutional right to express oneself as well as the constitutional right to seek redress from the government. He argues that if inmates know they might be sanctioned if they file a lawsuit that turns out to be frivolous, they may not file any lawsuits at alleven if the lawsuit could have had merit. Spencer contends that these statutes have the same effect as an order barring an abusive litigant from ever filing again. He also argues that since frivolous lawsuits are not really a problem anyway and there are now both state and federal statutes requiring that inmates pay for their lawsuits, there is really no need for sections 944.279 and 944.28(2)(a).
Again, we cannot agree with any of these arguments. Spencer's entire First Amendment discussion assumes that there was a prior restraint on speechthere was none. See, e.g., Shevin v. Sunbeam Television Corp., 351 So.2d 723, 726 (Fla. 1977) (since statute restricting recording of certain wire conversations was not prior restraint, no First Amendment rights had been violated). Spencer was not restrained from speaking or filing his lawsuit. The sanction statutes in no way prohibit an inmate from exercising his or her First Amendment rights or gaining access to the courts; they simply provide for discipline if, in exercising those rights, the inmate engages in misconduct by filing a *756 frivolous lawsuit. As the United States Supreme Court has made clear, inmates simply do not have a right to file frivolous lawsuits. See Lewis v. Casey, 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).[6]
Spencer warns that if inmates are penalized for filing frivolous lawsuits, this will have an unconstitutional "chilling effect" on all inmates' rights. Nevertheless, Spencer was not penalized for exercising his rights; he was penalized for abusing his rights. Florida's freedom of speech clause provides in pertinent part that while "[e]very person may speak, write and publish sentiments on all subjects [he or she] shall be responsible for the abuse of that right." See art. I, § 4, Fla. Const. (emphasis added). Any effect these statutes have to cause an inmate to "stop and think" before filing a frivolous lawsuit is not unconstitutional. Cf. Mitchell v. Farcass, 112 F.3d 1483, 1488 (11th Cir.1997) (Congress was justified in imposing fee requirements in order to cause prisoners to "stop and think" before filing complaint). Further, as the department points out, Spencer was certainly not "chilled," since he clearly spoke his mind.
Finally, contrary to Spencer's assertions, frivolous lawsuits significantly hinder prison administration and discipline. They also adversely affect the administration of justice as a whole. The Florida Legislature certainly was aware of this problem and specifically enacted the frivolous lawsuit statutes for this reason.[7] While making inmates who have funds contribute toward the costs of their lawsuits is one way of encouraging inmates to be responsible for their lawsuits, if the inmate has no funds, that means of reducing frivolous lawsuits is only partially effective. Making inmates responsible by sanctioning them for their actions when they abuse the judicial system is a reasonable and practical way to discourage frivolous lawsuits when the payment provisions do not remedy the problem. Accordingly, we deny the instant petition.
It is so ordered.
*757 ANSTEAD, C.J., and SHAW, HARDING, WELLS, PARIENTE, and QUINCE, JJ., concur.
LEWIS, J., concurs in result only.
NOTES
[1] The federal trial court stated in its dismissal order that Spencer had been asked to indicate whether he had initiated other lawsuits in federal court dealing with the same or similar facts involved in the present action or otherwise related to his imprisonment or conditions thereof. He had indicated that he had, but he failed to list all of his prior cases. The court took judicial notice of the five prior cases Spencer had filed in that court and stated that it had an obligation to prevent the filing of frivolous or otherwise improper petitions, especially if the petitioner had filed such petitions in the past, and it could not do that if it was not given all pertinent information. The court stated:

The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convinces this Court that Plaintiff understands the requirements of fully informing the Court regarding previous filing, the facts and claims of the previous lawsuits, and the specific reasons for dismissal.
This Court has the authority to control and manage matters such as those pending before it .... This Court will not tolerate incomplete responses .... If the Court cannot rely on the statements ... it threatens the quality of justice.
Spencer v. Sullivan, No. 99-228-Civ-J-21A, order at 2 (M.D. Fla. order filed Mar. 19, 1999).
[2] See § 944.28(2)(a), Fla. Stat. (2001).
[3] While this case specifically dealt with the promulgation of prison regulations and not with the handling of disciplinary hearings, the principle is equally applicable to the present case.
[4] The First Amendment to the United States Constitution provides:

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.
[5] Article I, section 4, of the Florida Constitution, entitled "Freedom of speech and press" provides:

Every person may speak, write and publish sentiments on all subjects but shall be responsible for the abuse of that right. No law shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions and civil actions for defamation the truth may be given in evidence. If the matter charged as defamatory is true and was published with good motives, the party shall be acquitted or exonerated.
Article I, section 21, of the Florida Constitution, entitled "Access to courts," provides:
"The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."
[6] The Supreme Court defined "access to courts" not as the affirmative assistance of inmates in the filing of their suits, as it had previously defined it in Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), but rather as the avoidance of significant impediments to the filing of nonfrivolous legal claims. Lewis, 518 U.S. at 352, 116 S.Ct. 2174. The majority specifically noted that, contrary to its opinion, the dissent felt that inmates also had a constitutional right to bring frivolous actions. Id. at 353 n. 3, 116 S.Ct. 2174. The majority stated that "[d]epriving someone of a frivolous claim ... deprives him of nothing at all." Id.
[7] The preamble to the act which provided for gain time forfeiture for the filing of frivolous lawsuits provides:

WHEREAS, frivolous inmate lawsuits congest civil court dockets and delay the administration of justice for all litigants, and
WHEREAS, each year self-represented indigent inmates in Florida's jails and prisons file an ever-increasing number of frivolous lawsuits at public expense against public officers and employees, and
WHEREAS, state and local governments spend millions of dollars each year processing, serving, and defending frivolous lawsuits filed by self-represented indigent inmates, and
WHEREAS, the overwhelming majority of civil lawsuits filed by self-represented indigent inmates are frivolous and malicious actions intended to embarrass or harass public officers and employees, and
WHEREAS, under current law frivolous inmate lawsuits are dismissible by the courts only after considerable expenditure of precious taxpayer and judicial resources, NOW THEREFORE, [the subject act is hereby] Enacted by the Legislature of the State of Florida.
Ch. 96-106, preamble at 92-93, Laws of Fla.