PER CURIAM.
 

 Michael A. Ibarra appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We affirm.
 

 In April 2005, appellant entered an open no contest plea to robbery with a deadly weapon. The information charged that during the offense appellant “carried a firearm or other deadly weapon.” Although appellant maintained that he used a BB gun during the offense, and not a firearm, the victim had alleged otherwise. The weapon used during the robbery was never recovered. The plea form that appellant signed advised him that his plea would subject him to a ten-year mandatory minimum sentence. The trial court advised appellant during the plea colloquy that he would receive a ten-year mandatory minimum if the court declined to sentence him as a youthful offender. Appellant did not object to the factual basis recited by the State which alleged that appellant wielded a “firearm” during the offense. The trial court declined to impose youthful offender sanctions and sentenced appellant to thirty years in prison with the ten-year mandatory minimum under the 10-20-LIFE law based on his possession of a firearm.
 

 In this rule 3.800(a) motion, appellant argued that the ten-year mandatory minimum term imposed under section 775.087(2)(a), Florida Statutes, was unlawful because this statute was not cited in the information and because the information alleged use of a deadly weapon
 
 or
 
 
 *913
 
 firearm. He argued that there was no evidence that a firearm was used and that he was not convicted of using a firearm because he pleaded to robbery with a deadly weapon.
 

 The trial court denied the motion explaining that appellant had raised the same meritless arguments in a rule 3.800(b)(2) motion filed during the pen-dency of his direct appeal. The trial court admonished appellant that his repeated filing of the same issues was frivolous and abusive, citing sections 944.279(1) and 944.28(2)(a), Florida Statutes (2009), which provide that gain-time earned by a prisoner is subject to forfeiture if he “is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal.... ”
 

 The trial court correctly explained to appellant that the issues he raised had been argued and rejected in the rule 3.800(b)(2) motion which was denied and affirmed without opinion on direct appeal.
 
 Ibarra v. State,
 
 981 So.2d 1217 (Fla. 4th DCA 2008). Appellant admitted possession of a firearm when he stipulated to the factual basis and entered his plea aware that the ten-year mandatory minimum for possession of a firearm would apply. He was clearly advised that, pursuant to his plea, he would receive the ten-year mandatory minimum if the court did not impose a youthful offender sentence.
 

 The question of whether the 10-20-LIFE statute had to be cited in the information was addressed at the hearing on the rule 3.800(b)(2) motion. While it was not argued in the direct appeal, this argument is without merit.
 
 Bundrage v. State,
 
 814 So.2d 1133, 1135 n. 1 (Fla. 2d DCA 2002) (“An information does not have to refer to section 775.087 for the enhancement to apply,
 
 see Bryant v. State,
 
 386 So.2d 237 (Fla.1980), as long as it alleges the use of a firearm,
 
 see Staton v. State,
 
 636 So.2d 844 (Fla. 5th DCA 1994).”).
 

 Appellant’s attorney acknowledged at the rule 3.800(b)(2) hearing that appellant was aware when he entered his plea that the ten-year mandatory minimum could be imposed based on his possession of a firearm. The trial court correctly determined that appellant was barred by collateral estoppel from rearguing these issues in his rule 3.800(a) motion.
 
 See State v. McBride,
 
 848 So.2d 287, 290 (Fla.2003).
 

 Following the denial of his rule 3.800(a) motion, appellant filed a motion for rehearing which again argued that the mandatory minimum term was illegal because the 10-20-LIFE statute was not cited in the information. He contended that he was convicted of a crime not charged in the information which denies him due process of law. He also asserted that the trial court’s admonishment was an improper “attempt to scare him” into not filing future postconviction motions.
 

 The trial court denied the motion for rehearing. The court found in its order that the rule 3.800(a) motion and the motion for rehearing were frivolous and, pursuant to section 944.279(1), Florida Statutes, directed that a certified copy be delivered to prison officials for consideration of disciplinary procedures. The court recommended forfeiture of gain-time.
 

 Appellant, relying upon
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999), argues that the trial court erred because he was not given notice and an opportunity to respond to the court’s intent to restrict future pro se filings and to refer him to the Department of Corrections. We reject appellant’s argument because the trial court only referred him to the Department of
 
 *914
 
 Corrections under section 944.279, and did not prohibit
 
 pro se
 
 filings.
 

 Section 944.279(1), Florida Statutes, provides:
 

 At any time, and upon its own motion or on motion of a party, a court
 
 may conduct an inquiry
 
 into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or to have brought a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections. The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.
 

 Id.
 
 (emphasis supplied). An order to show cause is not required by this statute. The “may conduct an inquiry” language, by its plain meaning, is permissive, not mandatory. A court’s determination of whether a collateral criminal proceeding is frivolous is a legal determination to be made from review of the filing, the circumstances of the case, and the applicable law. A court’s “inquiry” into whether an action was filed in good faith does not necessarily require an order to show cause.
 

 A prisoner referred under this provision is entitled to a due process hearing pursuant to the Department of Corrections’ disciplinary procedures.
 
 Spencer v. Fla. Dep't of Corr.,
 
 823 So.2d 752, 754 (Fla.2002); Fla. Admin. Code R. 33-601.307. The department alone determines whether any disciplinary measures should ultimately be imposed. The prisoner must be given notice and an opportunity to be heard in the proceedings before the department.
 

 In
 
 Spencer v. Florida Department of Corrections,
 
 the Florida Supreme Court held that the department’s procedures in conducting the disciplinary proceeding did not violate the prisoner’s due process rights and that sections 944.279 and 944.28(2)(a) are not unconstitutional because of any “chilling effect” they may have on a prisoner’s rights. The Court approved the federal court’s finding that the appeal was frivolous and the federal court’s referral of the prisoner under 944.279. From the opinion in
 
 Spencer,
 
 the federal circuit court does not appear to have issued an order to show cause before determining that the appeal was frivolous.
 
 Id.
 
 at 753.
 

 In this case, we conclude that the trial court did not err in failing to issue an order to show cause before finding that appellant had brought a frivolous action and in referring appellant to the DOC under section 944.279(1).
 

 The trial court’s order clearly prohibits appellant from rearguing these same matters. It does not prohibit appellant from any
 
 pro se
 
 filings. Contrary to appellant’s argument, the trial court’s warning and referral to DOC do not have the same effect as barring an abusive litigant from ever filing again. In
 
 Spencer v. Florida Department of Corrections,
 
 the Florida Supreme Court expressly rejected this precise argument.
 
 Id.
 
 at 755. The Court held: “Any effect these statutes [sections 944.279 and 944.28(2)(a) ] have to cause an inmate to ‘stop and think’ before filing a frivolous lawsuit is not unconstitutional.”
 
 Id.
 
 at 756.
 

 
 *915
 
 Appellant is not prohibited from filing a non-frivolous collateral criminal proceeding in his case. Appellant, however, should pause and consider the merits of any proceedings he initiates because the filing of frivolous postconviction motions interferes with the court’s ability to consider legitimate claims and can result in sanctions.
 

 Affirmed.
 

 POLEN, HAZOURI and GERBER, JJ., concur.