PER CURIAM.
This court has already dismissed, as legally insufficient and unauthorized, the underlying pro se “motion to conduct full inquiry into alleged bad faith filings,” filed by petitioner Wesley A. Hostzclaw,[1] which this court designated as a petition for writ of habeas corpus.[2] We now impose sanctions on Hostzclaw.
On July 12, 2010, while the petition was pending, a typed “motion by public defender’s office for appointment to be counsel on behalf of Defendant Wesley A. Hostzclaw on above styled cases and motions for postconviction relief now pending before this court initially filed pro se by Defendant” was filed in this court, purportedly by Fifteenth Circuit Public Defender Car *820 ey Haughwout (Haughwout). However, the motion arrived in an envelope bearing Hostzclaw’s return address, portions of it appeared to contain his handwriting, and its typographical errors and misstatements of law appeared to be consistent with Ho-stzclaw’s own customary filings.
This court directed Haughwout to advise this court whether she authorized the filing of the July 12, 2010 motion. On July 30, 2010, she confirmed she did not authorize this filing. Accordingly, this court struck the motion as unauthorized and fraudulent.
On August 2, 2010, Defendant filed a response to this court’s July 21, 2010 order to Haughwout, in which he claimed to have sent this court the July 12 motion as “proposed motion” to appoint the public defender to his cases. He asserts that he has a right to propose motions to this court, and there was nothing fraudulent about it because he did not sign the motion, nor did he forge Haughwout’s signature on it. If, however, he committed a fraudulent act, then he asked to be charged with a crime and given his day in court. To that end, he claimed to be forwarding copies of his “proposed” motion to various law enforcement agencies, and he suggested that if he were criminally charged, then the criminal acts of the state attorney, several trial court judges, and the clerk of the Florida Supreme Court also should be considered.
Despite Hostzclaw’s response, this court issued an order directing him to show cause,[3] within twenty days (a period that expired on September 20, 2010), why sanctions should not be imposed pursuant to section 944.279(1), Florida Statutes (2009) (allowing court to recommend disciplinary procedures for prisoner who has “knowingly or with reckless disregard for the truth brought false information or evidence before the court”) (emphasis added), because, in filing the July 12 motion, he misrepresented himself as the Public Defender for the Fifteenth Judicial Circuit, thereby knowingly or recklessly bringing false information before the court. No response to the order was filed by September 20, or even by the end of October.[4]
We conclude that sanctions should be imposed. Although Hostzclaw claims he sent this court the July 12 motion as “proposed motion” to appoint the public defender to his cases, and neither signed the motion nor forged Haughwout’s signature on it, he did represent himself to be the public defender herself.[5] See, e.g., Oquendo v. State, 2 So.3d 1001, 1007 (Fla. 4th DCA 2008) (“Unless a credible threat of sanctions exists, postconviction movants *821 have little incentive against saying whatever they choose in postconviction proceedings, regardless of truth.”).
Accordingly, we direct that a certified copy of this opinion be forwarded to Union Correctional Institution for the consideration of disciplinary procedures pursuant to section 944.279(1), Florida Statutes (2010), because Hostzclaw “knowingly or with reckless disregard for the truth brought false information or evidence before the court.”
Simultaneously with this opinion, we are issuing an order directing Wesley Ho-stzclaw to show cause why this court should not henceforth refuse to accept his pro se filings in perpetuity. See State v. Spencer, 751 So.2d 47 (Fla.1999).

Matter Referred to Correctional Facility for Consideration of Sanctions.

GROSS, C.J., FARMER and DAMOORGIAN, JJ., concur.

. Hostzclaw was charged in five separate cases (L.T. case nos. 91-6476, 91-7274, 91-10053, 91-10081, and 91-10523) with a total of nine counts of the sale and possession of cocaine. On November 25, 1991, he accepted a plea agreement, pursuant to which he was to receive a sentence of either 15 years in prison if he appeared for sentencing after a 72-hour furlough, or 170 years, as a habitual felony offender, if he failed to do so. He failed to appear for sentencing and, on March 2, 1992, he was sentenced to 170 years in prison as a habitual felony offender. This court affirmed his direct appeal in 1993. Hostzclaw v. State, 620 So.2d 1308 (Fla. 4th DCA 1993). Since then he has filed a plethora of unsuccessful motions and petitions collaterally challenging his convictions and sentences. (In some of his petitions, however, he has represented that his sentence has since been corrected from 170 years to 150 years.)

. Hostzclaw has been repetitively filing similar motions in an attempt to challenge, long after they were issued, various court orders warning him not to file frivolous pleadings below, prohibiting him from filing further pro se pleadings below, and warning him not to file frivolous pleadings in this court. This particular motion, filed on June 22, 2010, was set up as a separate case rather than being filed within an already-pending case, as Ho-stzclaw had no cases pending in this court when it was filed, and he previously had complained about the filing of his previous similar motions within other previously pending cases. This court dismissed the motion, with an explanation that this court’s jurisdiction is invoked not by motion, but either by the rfiling of an appeal from the order of a lower court, or by filing an original petition in this court, Fla. R. App. P. 9.030(b) (jurisdiction of district courts); 9.100(b) (invoking original jurisdiction by filing petition); 9.110(b) & 9.130(b) (invoking final and nonfi-nal appeal jurisdiction by filing notice of appeal); that motions are filed within pending cases for which jurisdiction otherwise has been invoked; that a motion to conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith, pursuant to section 944.279, Florida Statutes, should be filed within the action or appellate proceeding,in which the bringing of it in good faith is questioned; and that the proper vehicle to seek review of an order imposing sanctions for frivolous filings is a timely appeal from, or timely petition challenging, that order.

. This court has since held, in Ibarra v. State, 45 So.3d 911 (Fla. 4th DCA 2010), that an order to show cause is not required before sanctions may be imposed pursuant to section 944.279(1). Id. at 915 (citing Spencer v. Fla. Dep’t of Corr., 823 So.2d 752 (Fla.2002)).

. Instead, on September 1, 2010, Hostzclaw filed yet another “notice of inquiry,” which again asked this court to conduct an inquiry into his alleged bad faith filings with the circuit court, this court, and the supreme court, which this court also has stricken as unauthorized; and on October 4, 2010, he filed a "notice of appeal” with regard to this case.

.After reciting some of Hostzclaw's previously asserted grounds for relief, the last two paragraphs of the motion read as follows:
Upon receivership [sic] of all this information it took me a while to get back with Mr. Hostzclaw. I informed him that I could not represent him of [sic] these issues without first, this court appointing my office to do so. For all stated language of attorney conduct and obligations so stated herein, I find that I as a member of [sic] good standing within the Florida Bar Association [sic] in good conscious [sic] could not simply just turn my back on my obligations as an attorney to fight for justice and to uphold the integrity, honesty and dignity of the *821 United States Constitution and most of all the office of the Public [sic] Defender that the good people of Palm Beach County-have entrusted to me. If justice fails for Mr. Hostzclaw, it fails for us all. If the law is not go [sic] for him, them [sic] it is no good for all.
In the interest of justice, I request this appointment of the Public Defender on Mr. Hostzclaw’s behalf.
The fact that Haughwout’s typed name appeared at the end of the motion rather than a signature does not cure the misrepresentation.