PER CURIAM.
Robert Zlatkiss and Linda Zlatkiss, (“Plaintiffs”) appeal an entry of final summary judgment as to Count III of their complaint in favor of Defendant Wells Fargo Bank, N.A. Plaintiffs made a $350,000 loan to Defendant All American Team Concepts, LLC (“AATC”), for which its principal, Defendant Louis Steinmetz, signed a personal guaranty. Steinmetz represented to Plaintiffs prior to making the loan that he had $6,850,278.53 available to him in a trust. However, Steinmetz’s trust is a spendthrift trust, which prevents the trustee from making distributions if the distributions would be available to creditors. When Steinmetz failed to repay the loan, trustee Wells Fargo refused to make trust distributions to cover the debt owed to Plaintiffs.
Plaintiffs sued Steinmetz, AATC, Wells Fargo and another defendant. Against Wells Fargo, Plaintiffs sought a declaration that sections 736.0501-.0507, Florida Statutes (2012), which recognize the enforceability of spendthrift trusts, violate article I, section 21 of the Florida Constitution by preventing access to courts. The *955 trial court granted summary judgment for Wells Fargo, stating that “[tjhere are insufficient grounds to declare [the statutes] unconstitutional ... as these statutes do not limit access to courts.... [T]he right to collect or means of collection is what is at issue, not a right of action.” We affirm.
Spendthrift trusts are “ ‘created with [the intention] of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection.’ ” Miller v. Kresser, 34 So.3d 172, 175 (Fla. 4th DCA 2010) (quoting Croom v. Ocala Plumbing & Elec. Co., 62 Fla. 460, 57 So. 243, 244 (1911)). A valid spendthrift provision prevents a beneficiary from transferring his or her interest in the trust as well as prevents creditors or assignees of the beneficiary from reaching any of the trust funds until they are dispersed to the beneficiary. Miller, 34 So.3d at 175 (citing § 736.0502(3), Fla. Stat. (2009)). Spendthrift provisions have long been recognized as valid in Florida and sections 736.0501-.0507 additionally provide for the enforcement of spendthrift trusts. Miller, 34 So.3d at 175; Waterbury v. Munn, 159 Fla. 754, 32 So.2d 603 (1947).
Plaintiffs’ constitutional challenge to sections 736.0501-.0507 is premised on article I, section 21 of the Florida Constitution, which provides in its entirety that: “The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.” The Florida Supreme Court explained this right in Kluger v. White, 281 So.2d 1, 4 (Fla.1973), stating:
[W]here a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law ... the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Plaintiffs contend that sections 736.0501-.0507 abolished a “common law” right “to execute a monetary judgment against any beneficial interest held by a debtor,” without providing a reasonable alternative or demonstrating an overpowering public necessity for the statute.
The glaring flaw in Plaintiffs’ argument is that the creditor-protection provisions of a properly drafted spendthrift trust were recognized as legally valid (and effective to protect trust assets against judgment or other creditors) at common law, long before the adoption of sections 736.0501-.0507. As such, these statutes cannot be considered under Kluger as a legislative act abolishing a common law right, but rather, recognizing one. See, e.g., Munn, 32 So.2d at 605 (citing Croom, 57 So. at 244). Additionally, as noted by the trial judge, Plaintiffs are confusing their right to bring a legal action with their means of collecting a judgment. Article I, section 21 guarantees access to courts, i.e., “the avoidance of significant impediments to the filing of nonfrivolous legal claims[.]” Spencer v. Fla. Dep’t. of Corr., 823 So.2d 752, 756 n. 6 (Fla.2002). It does not guarantee the ability to enforce a judgment.
AFFIRMED.
TORPY, LAWSON and JACOBUS, JJ., concur.