ALLEN, J.
The appellant challenges an order by which his civil action against the Department of Corrections was dismissed upon a finding that the appellant failed to provide the Department of Insurance with the pre-suit notice required by section 768.28(6)(a), Florida Statutes (2000). Although the appellant sent notices to several entities, those notices did not fully satisfy the requirements of section 768.28(6)(a), and the action was properly dismissed.
The appellant’s claim against the Department of Corrections was based on alleged negligence while the appellant was an inmate at the Liberty Correctional Institute. With his original complaint the appellant provided a copy of a letter sent to the Department of Corrections for the section 768.28(6)(a) presuit notice. He subsequently filed an amended complaint, with a copy of an earlier letter sent to Liberty County for that purpose. The Liberty County letter refers to occurrences at the “Liberty County Correctional Institution,” while indicating that Liberty County owned and controlled this facility. The letter alleges negligence by Liberty County, and requests a money settlement. The later letter to the Department of Corrections refers to the same occurrences but places them at the “Liberty Correctional Institute,” while indicating that the State of Florida owned and controlled this facility. Asserting that the Department of Corrections owed the appellant a duty of care, the letter alleges negligence and requests a money settlement.
In proceeding on his claim against the Department of Corrections the appellant relied on the state’s waiver of sovereign immunity at section 768.28, but this statute expressly precludes the action unless a written claim is first presented to the appropriate agency and the Department of Insurance. See § 768.28(6)(a). The presuit notice requirement is a condition precedent, see section 768.28(6)(b), which serves the purpose of giving the *1234 appropriate entities an opportunity to investigate and time to respond. E.g. Metropolitan Dade County v. Reyes, 688 So.2d 311 (Fla.1996); Cunningham v. Department of Children and Families, 782 So.2d 913 (Fla. 1st DCA), rev. denied, 797 So.2d 585 (Fla.2001). And as an aspect of the sovereign immunity waiver, the section 768.28(6)(a) notice provision is strictly construed, with strict compliance being required. E.g. Reyes; Levine v. Dade County School Board, 442 So.2d 210 (Fla.1983); Broward County School Board v. Joseph, 756 So.2d 1077 (Fla. 4th DCA 2000).
The notices which the appellant provided do not fully comport with section 768.28(6)(a), with material deficiencies which frustrate the purpose of the statute. Insofar as the appellant is proceeding now against the Department of Corrections, the letter to Liberty County did not notify the appropriate agency and does not correctly identify the involved facility. While that letter shows that it was copied to the Department of Insurance, this did not advise the Department of Insurance of any need to investigate or respond on behalf of the Department of Corrections. And while the subsequent letter to the Department of Corrections did provide notice to the appropriate agency and correctly identifies the involved facility, it does not appear that this letter was copied to the Department of Insurance. The Department of Insurance was thus still not advised of any need to investigate or respond on behalf of the Department of Corrections. Therefore, even when the letters are considered together, it does not appear that the Department of Insurance was ever properly noticed as required by section 768.28(6)(a).
The appellant completely failed to notify the Department of Insurance of any claim against the Department of Corrections. As in Lopez v. Prager, 625 So.2d 1240 (Fla. 3d DCA 1993), rev. denied, 634 So.2d 625 (Fla.1994), this failure to comply with the presuit notice requirement of section 768.28(6)(a) precludes the negligence action which the appellant filed against the Department of Corrections. Indeed, in Hamide v. Department of Corrections, 584 So.2d 136 (Fla. 1st DCA 1991), we cautioned that there is little room for substantial compliance under section 768.28(6), while referencing the directive in Levine that the statutory notice provision must be strictly construed. Because the appellant here failed to comply with the presuit notice requirement, the action below was properly dismissed.
The appealed order is affirmed.
ERVIN and LEWIS, JJ., concur.