937 So.2d 808 (2006)
Daniel C. MEDBERRY, Appellant,
v.
C/O McCALLISTER, et al., Appellee.
No. 1D06-0026.
District Court of Appeal of Florida, First District.
September 18, 2006.
Daniel C. Medberry, pro se, for Appellant.
William M. Woodyard, Tallahassee, for Appellee.
*809 BROWNING, J.
Daniel C. Medberry, a Florida prison inmate, appeals the trial court's order dismissing his amended complaint. Medberry brought a tort action in Leon County Circuit Court against Officers McCallister and Gabrielli (Appellees), individually, who both reside in Union County and are corrections officers at the Union Correctional Institution, where Medberry is incarcerated. Having carefully reviewed the record, we conclude that the trial court erred as a matter of law in dismissing the amended complaint for failure to satisfy a purported statutory notice of claim requirement; erred again in finding the allegations to be legally insufficient to state a cause of action against Appellees pursuant to section 768.28, Florida Statutes (2003); and abused its discretion in denying the motion to transfer the case to the Union County Circuit Court.
The record establishes that from September 15, 2003, forward, Medberry filed a series of requests for an administrative remedy or appeal alleging that his gain-time credit records were inaccurate and that he was being inappropriately denied opportunities to work that would have afforded him additional gain-time credits. On October 6, 2003, Medberry filed an informal complaint with the warden alleging that at 1:10 p.m. on October 4, 2003, Appellees had awakened him to work, had given him cleaning utensils and supplies to clean the showers, had used verbally abusive language in directing him to perform this chore, and, in an act of reprisal, had locked him in the shower for a half-hour or more and said this would teach him not to file any more grievances while on close management status.
On October 8, 2003, Medberry filed an emergency complaint to the central office alleging 1) that during the midnight shift on that same date, Appellees had escorted him from the shower area in the "O Dorm" to a holding cell; 2) that Appellees had forcibly pushed him into the holding cell and punched him in the face, ribs, and chest numerous times, resulting in his physical injuries and soreness; 3) that he had not been allowed to seek medical treatment; and 4) that he feared another assault would occur and he needed protection. Medberry denied having broken any prison rule or having resisted or threatened Appellees in any manner. He alleged the attack was motivated by his protest of adverse work assignments and conditions. Medberry alleged that inmate witnesses had observed the incident. When the morning shift began on that same date, Medberry filed an inmate sick-call *810 request for treatment by a doctor. On October 29, 2003, Medberry filed a formal appeal to the warden alleging that his informal grievance had not been handled properly. On November 7, 2003, the institution responded that the allegations of the October 4, 2003, assault had been referred to Lt. Tricocci, the Southeast Unit Supervisor, who indicated he had interviewed all staff members who were assigned to the first shift in the "O Dorm" on the date in question, and that nothing supported Medberry's claim of abuse. On November 12, 2003, Medberry filed a formal appeal to the central office alleging an improper investigation at the institutional level. He indicated that a review of the prison wing videotape of the first shift on the date of the alleged assault would support his version of the events. All requested relief was denied at the institutional level.
On February 18, 2004, Medberry filed his pro se original complaint in Leon County Circuit Court alleging that Appellees had performed "negligent malfeasance" "in bad faith with malicious intent or in a manner exhibiting wanton and willful disregard of human rights, safety and property," as "agents and/or employees of the Florida Department of Corrections." Medberry alleged that Appellees' actions "under color of state law" as corrections officers violated his rights to liberty and to protection from cruel and unusual punishment. In support of his complaint, Medberry set out the history of his 2003 administrative appeals at the institutional level. He alleged facts indicating that on October 6, 2003, he had reported the October 4 shower lock-in incident involving Appellees; and that on October 8, 2003, he had reported the physical assault by Appellees in the holding cell. The pleading alleged essentially the same facts reported in his earlier administrative appeal relating to the assault. Medberry sought a jury trial, a declaratory judgment that his constitutional and state-law rights had been violated, compensatory damages in the amount of $75,000.00, punitive damages in the amount of $75,000.00, and costs. Appended to the original complaint were copies of Medberry's administrative appeals and the institutional responses denying relief.
On June 2, 2004, Appellees, who were represented by counsel, moved to dismiss the original complaint on several grounds. First, Appellees argued that the Leon County Circuit Court lacks subject matter jurisdiction over them based on the doctrines of sovereign immunity, qualified immunity, and/or the Eleventh Amendment. Second, Appellees contended that the complaint failed to state a cause of action against them because it did not allege that Medberry had complied with the notice provisions of section 768.28(6)(a), Florida Statutes (2003), which, according to Appellees, is a condition precedent to instituting a cause of action against them. See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979); Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978) (concluding that trial court correctly dismissed claim against State of Florida and Game & Fresh Water Commission where plaintiff failed to plead compliance with statutory notice of claim provision). Third, Appellees asserted that the complaint failed to state ultimate facts to remove Medberry from section 768.28(9)(a), Florida Statutes (2003), and thereby allow him to sue Appellees in the Florida courts. Fourth, the motion to dismiss argued that the acts forming the basis of Medberry's complaint are quasi-judicial, so as to render Appellees immune from suit pursuant to Andrews v. Florida Parole Commission, 768 So.2d 1257 (Fla. 1st DCA 2000) (concluding that Appellee acted within scope of its quasi-judicial duties in placing *811 inmate on conditional release, had jurisdiction over him and the terms of conditional release, and thus enjoyed judicial immunity from liability for false imprisonment, despite miscalculating date of release from supervision, resulting in additional 11 months' incarceration). Fifth, Appellees argued that the allegations of willfully and intentionally assaulting Medberry and depriving him of his right to liberty failed to present ultimate facts to state a cause of action against Appellees for assault, false imprisonment, and/or unlawful detention. Sixth, citing "official records of the Clerk of the Court," Appellees characterized Medberry as "a vexatious litigant" who had failed to post a bond. Appellees sought a reasonable attorney's fee and costs pursuant to section 57.105, Florida Statutes (2003).
Before the trial court ruled on the motion to dismiss the original complaint, Medberry filed a July 19, 2004, pro se amended complaint alleging essentially the same history of administrative appeals and the purported facts surrounding the October 4 and 8, 2003, incidents involving Medberry and Appellees and the subsequent cover-up. The amended pleading alleged that Appellees had acted with malice and bad faith in a manner exhibiting a wanton and willful disregard of Medberry's rights, privileges, and immunities and had deprived Medberry of his due process and liberty rights and his protection from cruel and unusual punishment. Paragraph 19 of the amended complaint alleges that Medberry timely filed a notice of intent to sue in compliance with section 768.28(6)(a), Florida Statutes (2003), and served notice on the proper agencies. Medberry alleged in Paragraph 20 that his pleadings set out sufficient facts to take him out of section 768.28(9)(a), Florida Statutes (2003), and that the agencies he had served in relation to his notice of intent to sue failed to respond in a timely manner to his complaints, thus purportedly waiving their sovereign immunity defense. In Paragraph 23, Medberry asserted that Appellees cannot claim qualified immunity because the pertinent state and constitutional law relating to Medberry's rights was clearly established at the time of the physical assault, and Appellees clearly were aware that they had acted illegally and "outside the scope of their duties when they assaulted Plaintiff" "while clothed with the authority of state law and while acting in their official capacities as correctional officers" and then tried to cover up their wrongdoing. The amended complaint requested the same relief as the original complaint.
On September 9, 2004, the trial court entered an order dismissing the original complaint for failure to comply with the conditions precedent in section 768.28(6), Florida Statutes (2003), and for lack of personal jurisdiction of the Leon County Circuit Court over the Union County resident Appellees. An initial appeal to this court resulted in the reversal of this first dismissal order and a remand of the case because the filing of the amended complaint mooted the motion to dismiss the original complaint.
On October 13, 2005, Appellees moved to dismiss the amended complaint on essentially the same grounds raised in the original motion to dismiss. On November 4, 2005, in the Leon County Circuit Court, Medberry filed a motion to transfer the case to the Union County Circuit Court based on his concession that Union County has proper jurisdiction.
Also on November 4, 2005, Medberry filed a motion to strike Appellees' motion to dismiss. Responding to Appellees' contention that he had not satisfied the requirements of section 768.28(6)(a), Florida Statutes (2003), Medberry attached to his *812 motion (to strike the motion to dismiss) an appendix, including Exhibit "A," a copy of a purported "Notice of Claim" with a stamp indicating it was received by the Union Correctional Institution for mailing on October 13, 2003. The front page of this sworn notice indicates it is from Medberry, a state prison inmate, and is intended to be sent to the Division of Risk Management of the Department of Insurance in Tallahassee, and also to the Secretary, Florida Department of Corrections, Central Office, in Tallahassee. The notice includes Medberry's date of birth, place of birth, and his social security number. It states that Medberry has a claim pursuant to section 768.28, Florida Statutes, and that he exhausted all of his administrative remedies before filing his claim. The notice set out the history of Medberry's administrative appeals and his allegations of the two alleged October 2003 incidents involving Appellees. The final page of the notice is titled "Certificate of Service" and certifies that on October 13, 2003, pursuant to the federal "mailbox rule," Medberry placed a copy of the notice in the hands of the appropriate prison officials for timely filing with the Division of Risk Management and the Secretary of the Florida Department of Corrections.
On November 21, 2005, the trial court entered an order dismissing the amended complaint after expressly having considered the amended complaint, the motion to dismiss, the motion to transfer, and "the entire contents of the file." The trial court stated its first ground for dismissal:
If the plaintiff intends to sue the Department of Corrections for the actions of the correctional officers while acting in their official capacities as correctional officers, he must comply with the notice of filing required by section 768.28(6), Florida Statutes, as a condition precedent. This condition precedent has not been satisfied because, although the plaintiff alleges generally that he "timely filed a notice of intent to sue in compliance with 768.28(6)(a), F.S." and that he "served notice upon the proper agencies," (Am. Compl. p. 5), he attached no exhibits to support this assertion. This bare allegation  which does not specify the date of any notice, the agencies to which notice was given, or the method by which the agencies were copied with notice  is insufficient to demonstrate the statutory notice, which is strictly construed. Maynard v. State Dept. of Corrections, 864 So.2d 1232 (Fla. 1st DCA 2004) (copies of letters of notice attached to complaint not copied to Department of Insurance, not sent to proper agency).
The trial court stated its second ground for dismissal:
Considering the amended complaint as an action to hold the two correctional officers personally liable in tort, the plaintiff must allege that the officers "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." § 768.28(9)(a), Fla. Stat. The amended complaint contains no such allegations but generally asserts that the officers acted "outside the scope of their duties." Am. Compl. p. 6. Even if the amended complaint had alleged bad faith by the officers, the Department of Corrections is not liable for acts committed by its officers in bad faith, etc.
The trial court determined that it lacks personal jurisdiction over Appellees, who reside in Union County and are being sued for alleged acts that occurred in Union County. The court concluded that pursuant to section 47.011, Florida Statutes (2003), venue in Leon County is improper *813 for an action against defendants residing in Union County.
The trial court noted this lawsuit is Medberry's nineteenth action filed in that court since 1999, seven of them commenced in 2004 alone. Citing Rivera v. State, 728 So.2d 1165, 1166 (Fla.1998), and Attwood v. Singletary, 661 So.2d 1216 (Fla. 1995), the court pointedly observed:
The right to access to the courts is not without limit for indigent pro se prisoners who abuse the processes of the court. The Court has a duty to prevent abuses of the court process to safeguard access to courts for all citizens.
Accordingly, the trial court ruled as follows:
The Defendants' Motion to Dismiss the amended complaint is GRANTED and the Amended Complaint is hereby DISMISSED for failure to meet the conditions precedent for an action against the Department of Corrections, Secretary James V. Crosby and for failure to state a cause of action against individual correctional officers over which this court has personal jurisdiction in the proper venue.
The plaintiff's Motion to Transfer is hereby DENIED.
Medberry filed a timely notice of appeal on the grounds that the trial court should have granted his motion to transfer the case and that the trial court erred in concluding that Medberry failed to satisfy the prerequisites of section 768.28(6)(a) & (9)(a), Florida Statutes (2003).
We have de novo review of an order granting a motion to dismiss. See Rittman v. Allstate Ins. Co., 727 So.2d 391, 393 (Fla. 1st DCA 1999). In ruling on the motion to dismiss, the trial court had to accept as true all well-pled allegations and limit its consideration of facts to the four corners of the complaint. See Brewer v. Clerk of the Circuit Court, Gadsden County, 720 So.2d 602, 603 (Fla. 1st DCA 1998). We operate under the same standard and constraints in reviewing a dismissal order. See Rittman, 727 So.2d at 393. We conclude that the trial court erred as a matter of law in dismissing the amended complaint based on Medberry's failure to file a statutory notice of claim. The trial court misconstrued Medberry's cause of action as a lawsuit against the Florida Department of Corrections for Appellees' actions while acting in their official capacities as correctional officers. Section 768.28(6)(a), Florida Statutes (2003), expressly relates only to "[a]n action . . . on a claim against the state or one of its agencies or subdivisions. . . ." In contrast, Medberry sued Appellees in their individual capacity. The Florida Department of Corrections is not a named defendant in this case and is not being sued.
The purpose of the notice requirement in statutory subsection (6)(a) is "to give the appropriate public bodies an opportunity to investigate all claims." Metro. Dade County v. Reyes, 688 So.2d 311, 313 (Fla. 1996); Maynard, 864 So.2d at 1233-34 (stating that pre-suit notice requirement in subsection (6)(a) "serves the purpose of giving the appropriate entities an opportunity to investigate and time to respond"). The fact that Medberry erroneously assumed he had to file a notice of claim did not create such a requirement, where neither the statute itself nor any other authority cited by Appellees did so. In fact, an examination of the pertinent language in statutory subsection (9)(a) demonstrates that the State or its subdivisions (including the Florida Department of Corrections) "shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith," etc. The amended complaint alleged that Appellees had *814 acted illegally and "outside the scope of their duties" by attacking Medberry. As will be noted, infra, the amended complaint presented legally sufficient allegations that, if proved, would allow Appellees to be held personally liable in tort and would immunize the State and the Florida Department of Corrections from liability in tort.
Additionally, we hold that the trial court erred as a matter of law in concluding that the amended complaint failed to satisfy the pleading requirements of section 768.28(9)(a), Florida Statutes (2003), which states in pertinent part:
No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
A side-by-side comparison of Medberry's pleadings and the statutory pleading requirements establishes that the pleadings tracked all the pertinent language in statutory subsection (9)(a) allowing Appellees to be sued and held personally liable.
Given the trial court's erroneous conclusions that Medberry failed to satisfy the purported condition precedent of notice in statutory subsection (6)(a) and the pleading requirements in subsection (9)(a), the court apparently determined there is no legally sufficient pleading to transfer to Union County Circuit Court. Because 1) the amended complaint alleges a cause of action against Appellees under section 768.28, Florida Statutes (2003); 2) Medberry concedes that only the circuit court in Union County has personal jurisdiction over Appellees; and 3) Appellees challenged the jurisdiction of the Leon County Circuit Court over them, we conclude that the trial court abused its discretion in denying the motion to transfer. See Carr v. Stetson, 741 So.2d 567, 568 (Fla. 4th DCA 1999) (stating that standard of review of order on motion to transfer or dismiss for improper venue is abuse of discretion). Although the trial judge rightfully expressed dismay at the widely recognized abuse of the administrative grievance and judicial systems by prison inmates who file frivolous and redundant grievances and lawsuits, we have determined that Medberry's amended complaint is legally sufficient to withstand Appellees' motion to dismiss.
Accordingly, we are constrained to REVERSE the dismissal order and REMAND with instructions to the trial court to grant the motion to transfer this cause *815 to the Union County Circuit Court for further proceedings.
WOLF and VAN NORTWICK, JJ., concur.