986 So.2d 659 (2008)
Wendall HALL, Appellant,
v.
Captain KNIGHT and Sergeant Ruddy, Appellees.
No. 1D08-0051.
District Court of Appeal of Florida, First District.
July 17, 2008.
Wendall Hall, pro se, Appellant.
Bill McCollum, Attorney General, and Shelly L. Marks, Assistant Attorney General, Tallahassee, for Appellees.
PER CURIAM.
Wendall Hall, an inmate, appeals an order dismissing his complaint against Appellees, Captain Knight and Sergeant *660 Ruddy, two correctional officers, and prohibiting him from filing future pro se actions. We agree with Appellant that the trial court erred in dismissing his complaint for the failure to state a cause of action against Appellees in their individual capacity. See Hall v. Officer Knipp, Fla. Dep't of Corr., 982 So.2d 1196, 1196 (Fla. 1st DCA 2008) (reversing the dismissal order as to the correctional officer because the appellant's allegation was sufficient to state a cause of action against the officer in his individual capacity); Medberry v. McCallister, 937 So.2d 808, 814 (Fla. 1st DCA 2006) (reversing the dismissal order because the appellant's pleadings tracked all of the pertinent language in section 768.28(9)(a), Florida Statutes, allowing the appellees, two correctional officers, to be sued and held personally liable). We also agree that the trial court erred in prohibiting Appellant from filing future pro se actions without first issuing a show cause order. See Petty v. State, 926 So.2d 445, 445 (Fla. 1st DCA 2006) (reversing the trial court's order to the extent it barred future pro se filings without providing the appellant notice and an opportunity to respond); Jackson v. Parkhouse, 826 So.2d 478, 479 (Fla. 1st DCA 2002) (noting that before a litigant can be barred from filing future pro se actions, "a court must first issue an order to show cause in order to afford the litigant notice and an opportunity to be heard").
REVERSED and REMANDED for further proceedings.
ALLEN, DAVIS, and HAWKES, JJ., Concur.