PER CURIAM.
Appellant, Samuel C. Golden, challenges an order striking his motion to reinstate his petition for writ of mandamus and referring him for disciplinary action. We affirm and, at the request of appellee, the Department of Corrections (DOC), impose sanctions for abuse of the process.
On July 24, 2007, appellant filed a petition for writ of mandamus, challenging an administrative determination of guilt for a violation of Florida Administrative Code Rule 33-601.314. On June 3, 2008, the circuit court dismissed the petition, citing a November' 16, 2001, order prohibiting appellant from “filing further complaints and petitions in this Circuit on his own behalf without representation of counsel or pre *462 payment of the filing fee.” We affirmed the order dismissing the petition.
On July 6, 2009, appellant moved pro se to reinstate the petition for writ of mandamus. Observing that appellant had already been directed to refrain from further pro se filings in the Second Judicial Circuit, the court struck the motion and requested that DOC consider disciplinary measures against appellant pursuant to section 944.279, Florida Statutes (2009).
It is well-settled that courts have the inherent authority and duty to limit abuses of the judicial process by pro se litigants. See In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (preventing petitioner, who had filed 99 extraordinary writs, from proceeding in for-ma pauperis when seeking future such writs, because “part of the Court’s responsibility is to see that [limited] resources are allocated in a way that promotes the interests of justice”); Peterson v. State, 817 So.2d 838, 840 (Fla.2002) (limiting petitioner’s ability to file in pursuance of court’s “responsibility to ensure every citizen’s right of access to the courts”); Jackson v. Fla. Dep’t of Corrections, 790 So.2d 398, 400 (Fla.2001) (holding that supreme court “has the inherent authority to limit [the] right [to represent oneself] when pro se litigation becomes so disruptive that it threatens to deny other litigants their rights”).
The trial court advised appellant that its November 2001 sanctions order was final and further ordered the clerk to close the file. Having examined records of the clerk, the court found that appellant had since opened 16 cases over a period of 5 years and that none produced a meaningful result. Appellant was not represented by counsel when he moved to reinstate the mandamus petition, nor did he prepay the filing fee; appellant thus failed to satisfy either of the exceptions to the prohibition against pro se filings set forth in the 2001 order.
We are further troubled by the manner in which appellant has pursued this great volume of litigation. That appellant has disregarded a clear order of the circuit court to refrain from future pro se filings merely reinforces the frivolity of his claims. To dissuade appellant from bringing any similar such motions or pleadings, we conclude that further sanctions are appropriate. See § 944.279(1), Fla. Stat. (providing for disciplinary • procedures to be initiated against “[a] prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state”).
AFFIRMED.
WOLF, DAVIS, and HAWKES, JJ., concur.