PER CURIAM.
This is an appeal from the trial court’s order dismissing Appellant Derrick Allen’s complaint, which alleged that the Department of Corrections (“DOC”) failed to properly inventory or preserve his collection of books. We affirm without comment the trial court’s dismissal as to all of the defendants except the Secretary of the DOC, in his official capacity. As to the Secretary, we reverse and remand.
In cases involving the DOC’s alleged negligent handling of inmate property, “[t]he exclusive remedy ... shall be by action against the governmental entity, or the head of such entity in her or his official capacity.” § 768.28(9)(a), Fla. Stat. (2012); Stephens v. Geoghegan, 702 So.2d 517, 527 (Fla. 2d DCA 1997). To pursue that claim, the law first requires notice to be filed with the Department of Financial Services (“DFS”) within three years of the alleged incident. See § 768.28(6), Fla. Stat. This Court has held that the notice provision “is strictly construed, with strict compliance being required.” Maynard v. State, Dep’t of Corr., 864 So.2d 1232, 1234 (Fla. 1st DCA 2004).
Here, the trial court found that Appellant did not comply with the notice requirement because he “failed to present his claim in writing to [DFS] prior to filing his complaint.” But prior notice has not been strictly required. The fact that Appellant apparently gave notice after the filing of the complaint[1] was not an incurable defect. As the Fourth DCA has noted:
[N]otice is a temporary procedural bar to a lawsuit against the State or one of its subdivisions.... [But] this court permitted the amendment of a complaint to allege compliance with section 768.28(6) where notice to governmental agencies was given subsequent to the filing of the *760 lawsuit but within the statute of limitations period.
Villa Maria Nursing & Rehab. Ctr., Inc. v. S. Broward Hosp. Dist., 8 So.3d 1167, 1171 (Fla. 4th DCA 2009) (internal quotation marks and citations omitted). See also Hamide v. State Dept, of Corr., 548 So.2d 877, 880 (Fla. 1st DCA 1989) (reversing a dismissal with prejudice; directing the trial court to “entertain appellant’s motion to amend the complaint to allege timely compliance with the notice provisions of section 768.28, if in fact appellant is able to do so”).
For this reason, the trial court erred by dismissing this case on the basis that Appellant failed to give notice to DFS prior to filing his complaint. Accordingly, we REVERSE with respect to Appellant’s claim against the Secretary in his official capacity and REMAND for proceedings in accordance with this opinion. As to all other defendants, we AFFIRM.
BENTON, SWANSON, and OSTERHAUS, JJ., concur.

. In a previous motion, filed February 28, 2011, Appellant asked that the case be held in abeyance for thirty days so that he could serve DFS with a notice of intent to sue. Presumably, Appellant followed through and served the notice.