On Motion for Clarification or Certification and Motion for Rehearing
ROWE, J.
We grant the appellant’s Motion for Clarification or Certification and Motion for Rehearing, withdraw our previous opinion filed on April 14, 2014, and substitute the following in its place.
After entering a guilty plea, Warren Lee Edwards was convicted of attempted murder, aggravated battery, and aggravated battery upon a pregnant victim and was sentenced to 19 years’ imprisonment for attempted murder and to concurrent terms of 15 years’ imprisonment on the remaining counts. Edwards appeals his judgment and sentence, raising two issues. We affirm the first issue without discussion and write only to address Edwards’ argument that his convictions for aggravated battery and aggravated battery upon a pregnant victim violate the prohibition against double jeopardy.[1] For the reasons *982 that follow, we affirm Edwards’ judgment and sentence.

Facts

The factual basis for the plea for which Edwards was sentenced states that between June 16, 1997, and June 17, 1997, Edwards beat the pregnant victim, D.N., with a table leg with a screw attached to it, that Edwards told D.N. during the beating that he intended to kill her that night, and that as a result of the beating, D.N.’s jaw was broken in two places, and D.N. suffered injuries to her eyes, face, scalp, and foot. At the time of the beating, Edwards knew D.N. was pregnant with his child.

Analysis

In Partch v. State, 48 So.3d 758, 760 (Fla. 1st DCA 2010), this Court set forth a three-step inquiry to be applied when evaluating a double jeopardy claim. First, the Court must determine whether the charged offenses occurred within the same criminal episode; second, the Court must to determine whether there was more than one distinct act upon which the offenses were predicated. Id. at 760. If the Court finds that the charges arose from the same criminal episode and were not predicated on distinct acts, then the third step is to determine whether each offense has an element the other does not, i.e., the Blockburger[2] same-elements test as codified in section 775.021(4), Florida Statutes, to determine whether separate offenses exist. Partch, 43 So.3d at 760. The third step will be necessary only if the court determines that the charged offenses occurred in the same criminal episode or in the same act. Id. at 762. If there were different acts or different episodes of battery giving rise to the two aggravated battery charges, there is no double jeopardy violation. Id. at 759-60; see also Hayes v. State, 803 So.2d 695, 699 (Fla.2001).[3]
Edwards asserts that his dual convictions arose during the same criminal episode and from “a single act of battery.” However, Edwards fails to cite any portion of the record to support his assertion that there was but “a single act of battery.” Further, based upon our review of the record, it is not at all clear whether the two aggravated battery convictions arose during a single criminal episode or whether the convictions were predicated on dis *983 tinct acts. The factual basis of the plea entered in the record is not specific with regard to the precise timing of the offenses, providing only that the acts occurred “between June 16th and June 17th of 1997.” There is no indication whether or not a temporal break occurred between the acts giving rise to the victim’s multiple injuries. Nor does the factual basis of the plea indicate whether the battery convictions arose from distinct acts; instead the record reflects that the victim was beaten with a table leg with a screw, and that the victim sustained multiple injuries: her jaw was broken in two places, and she suffered injuries to her eyes, face, scalp, and foot. The multiple injuries could very well have arisen from two or more distinct criminal acts. Based on the limited record available to this Court, we are unable to determine whether the offenses that formed the basis for the plea occurred during a single criminal episode or whether the convictions were based on distinct acts. The burden of proof was Edwards’ to demonstrate error in this case. See, e.g., JP Morgan Chase Bank v. Combee, 883 So.2d 330 (Fla. 1st DCA 2004). Because Edwards has failed to demonstrate from the record that his two aggravated battery charges were based on a single act, he has failed to meet his burden to support a finding of double jeopardy. See Hayes, 803 So.2d at 699; Partch, 43 So.3d at 760-61.
AFFIRMED.
LEWIS, C.J., and WETHERELL, J., concur.

. The procedural history leading to Edwards' convictions and sentences in this case spans a *982 number of years, involving numerous motions and court proceedings from July 6, 1998, to Edwards’ sentencing on February 1, 2013. The procedural history in this case directly relates to the first issue raised by Edwards, which we are affirming without further discussion.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

. We note that to support his double jeopardy argument, Edwards cites, without discussion, Simmons v. State, 554 So.2d 1199 (Fla. 1st DCA 1989), in which this court held that reversal was required where "[a] single battery gave rise to two separate charges, one under section 784.045(1)(a) and the other under section 784.045(1)(b), Florida Statutes (1987).” However, Simmons dealt with the 1987 version of section 784.045(1), which refers to use of a deadly weapon. Under the 1987 version of the statute, sections 784.045(1)(a) and (b) read,
(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) Uses a deadly weapon.
In 1988, new language was added to the statute, creating subsection (b) as the crime of aggravated battery on a pregnant victim, and designating the former subsections (a) and (b) as subparagraphs 1. and 2. under subsection (1)(a). Ch. 88-344, § 3, at 1825, Laws of Fla. (effective October 1, 1988). Because the crime of aggravated battery on a pregnant victim was not created until 1988, the 1987 version of the statute at issue in Simmons could not support Edwards’ argument for error.