IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHNNY W. TOLIVER,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D13-0334

MICHAEL D. CREWS,
SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS,

    Appellee.

_____/

Opinion filed July 30, 2014.

An appeal from the Circuit Court for Liberty County.
James O. Shelfer, Judge.

Johnny W. Toliver, pro se, Appellant.

Pamela Jo Bondi, Attorney General; Tammy Sherrell Metcalf, Assistant Attorney
General; and Jennifer Parker, General Counsel, Tallahassee, for Appellee.

PER CURIAM.

    This petition for writ of habeas corpus seeks review of the Appellant's

conviction and sentence. We do not disturb the dismissal of the habeas petition,

but we reverse the bar on *pro se* filings pursuant to State v. Spencer, 751 So. 2d 47

(Fla. 1999), and remand for further proceedings consistent with this opinion.

Due to the Appellant's apparent abuse of the legal system, which was evidenced by his repeated *pro se* filings attacking his conviction and sentence, the trial court barred further *pro se* filings and filed sanctions in accordance with section 944.279, Florida Statutes. Before a court can impose such a sanction, it must issue a show cause order to provide the litigant with notice of the intended sanction and afford the litigant an opportunity to respond. Id. at 48; Ward v. State, 133 So. 3d 1210, 1210 (Fla. 1st DCA 2014). Following the Spencer decision, this Court has consistently reversed trial court orders that bar future *pro se* filings imposed without providing the required notice and opportunity to be heard. See Hall v. Knight, 986 So. 2d 659, 660 (Fla. 1st DCA 2008); Petty v. State, 926 So. 2d 445, 445 (Fla. 1st DCA 2006); Jackson v. Parkhouse, 826 So. 2d 478, 480 (Fla. 1st DCA 2002); Long v. State, 793 So. 2d 1141, 1141 (Fla. 1st DCA 2001). Here, there is no evidence in the record that the trial court issued the required show cause order.

As such, we deny relief as to that portion of the order dismissing the petition, but reverse the portion of the order barring all pro se filings respectively, and remand for further proceedings consistent with this opinion.

WOLF and ROWE, JJ., PARKER, GREGORY S., ASSOCIATE JUDGE, CONCUR.

2