# Third District Court of Appeal
## State of Florida

Opinion filed March 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-3077
Lower Tribunal No. 97-26815
_____

**Cedric Jefferson, a/k/a/ David Pierre,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Cedric Jefferson, a/k/a David Pierre, in proper person.

Pamela Jo Bondi, Attorney General, and Robert Martinez Biswas, Assistant Attorney General, for appellee.

Before WELLS, SUAREZ, and ROTHENBERG, JJ.

SUAREZ, J.

Cedric Jefferson, a/k/a David Pierre ("Jefferson"), appeals from the trial court's orders denying his motion to correct sentence and prohibiting him from filing any further post-conviction motions. We affirm.

## ORDER TO SHOW CAUSE

On May 28, 1998, in case number F97-26815, Jefferson was found guilty after a jury trial on the charge possession of a firearm by a felon and was thereafter sentenced to thirty (30) years in prison. On May 9, 1999, in case number F96-41742B, Jefferson was found guilty of burglary of an occupied dwelling and assault without a firearm. He was thereafter sentenced to life in prison as a habitual offender.

Since that time, Jefferson has filed an overwhelming number of *pro se* motions challenging his convictions and sentences, all of which were denied. We now order Jefferson to show good cause within forty-five days from the date of this opinion why he should not be prohibited from filing further *pro se* proceedings in this Court concerning his convictions and sentences in the above-cited cases.

## I. FACTS

On October 13, 2013 the trial court issued Jefferson an Order to Show Cause within thirty (30) days why he should not be barred from filing *pro se* motions. Jefferson failed to show cause after which the trial court issued an Order prohibiting Jefferson from filing further *pro se* pleadings, motions, or petitions.

Jefferson has filed at least seven motions for relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied each of those motions and this Court affirmed in each case. Jefferson has also filed at least six motions to Correct

Illegal Sentence pursuant to Florida Rule of Criminal Procedure 3.800. The trial court likewise denied those motions and this Court affirmed each appeal of such motions. Jefferson has also sought a writ of habeas corpus and to disqualify a trial judge. Those petitions were denied as well and those denials were affirmed on appeal.

Jefferson's appeals to this Court as to case number F96-41742 include:

Jefferson v. State, 937 So. 2d 672 (Fla. 3d DCA 2006)
Pierre v. State, 961 So. 2d 952 (Fla. 3d DCA 2007)
Pierre v. State, 980 So. 2d 506 (Fla. 3d DCA 2008)
Jefferson v. State, 11 So. 3d 957 (Fla. 3d DCA 2009)
Jefferson v. State, 28 So. 3d 55 (Fla. 3d DCA 2010)
Jefferson v. McNeil, 37 So. 3d 876 (Fla. 3d DCA 2010)
Jefferson v. State, 2011 WL 666726 (Fla. 3d DCA 2011)
Jefferson v. State, 70 So. 3d 596 (Fla. 3d DCA 2011)
Mathew v. State, 98 So. 3d 579 (Fla. 3d DCA 2012)
Mathew v. State, 105 So. 3d 534 (Fla. 3d DCA 2012)
Jefferson v. State, 124 So. 3d 931 (Fla. 3d DCA 2013)

Jefferson's appeals to this Court as to case number F97-26815 include:

Pierre v. State, 838 So. 2d 1167 (Fla. 3d DCA 2002)
Pierre v. State, 963 So. 2d 243 (Fla. 3d DCA 2007)
Jefferson v. State, 36 So. 3d 677 (Fla. 3d DCA 2010)
Jefferson v. State, 2011 WL 666726 (Fla. 3d DCA 2011)
Jefferson v. State, 86 So. 3d 1130 (Fla. 3d DCA 2012)
Pierre v. State, 105 So. 3d 534 (Fla. 3d DCA 2012)

In addition, Jefferson has filed a Petition for Writ of Habeas Corpus to the Florida Supreme Court. See Jefferson v. Tucker, 75 So. 3d 1244 (Fla. 3d DCA 2011).

## II.    ANALYSIS

We recognize that incarcerated persons must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarceration. State v. Spence, 751 So. 2d 47, 48 (Fla. 1999).  On the other hand, successive motions which have been heard, considered, rejected and then raised again, are an abuse of process.  Conception v. State, 944 So. 2d 1069, 1072 (Fla. 3d DCA 2006).

This Court has the inherent authority and duty to limit abuses of the judicial process by *pro se* litigants.  Golden v. Buss, 60 So. 3d 461, 462 (Fla. 1st DCA 2011).  This is particularly true in this case, where over the course of approximately fourteen years, Jefferson has filed more than a dozen motions, each of which has been rejected by the trial court and this Court.  The record plainly reflects that Jefferson has filed an overwhelming number of appeals and that he has caused this Court to expend precious and finite resources which could otherwise be devoted to cases raising legitimate claims.  Hendrick v. State, 6 So. 3d 688, 691 (Fla. 4th DCA 2009) ("A legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.").  As such, Jefferson's actions now require the issuance of this Order.

## III.    CONCLUSION

We therefore order Jefferson to show good cause within forty-five days from the date of this opinion why he should not be prohibited from filing further *pro se* pleadings in this Court concerning his convictions and sentences imposed in case numbers: F96-41741 and F97-26815.