IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WARREN LEE EDWARDS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4995

Opinion filed May 3, 2016.

An appeal from the Circuit Court for Duval County.
Brad Stetson, Judge.

Warren Lee Edwards, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Angela R. Hensel, Assistant Attorney General, Tallahassee, for Appellee.

BILBREY, J.

      Warren Lee Edwards appeals the final order of the circuit court imposing sanctions upon him for filing multiple frivolous postconviction motions. See State v. Spencer, 751 So. 2d 47 (Fla. 1999). As set forth below, we affirm and also address Appellant's numerous frivolous appeals.

We review a circuit court's order prohibiting additional pro se filings by a prisoner "for an abuse of discretion." Ashe v. State, 106 So. 3d 956, 957 (Fla. 4th DCA 2013). As stated in Golden v. Buss, 60 So. 3d 461 (Fla. 1st DCA 2011):

> It is well-settled that courts have the inherent authority and duty to limit abuses of the judicial process by pro se litigants. See In re McDonald, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989) (preventing petitioner, who had filed 99 extraordinary writs, from proceeding *in forma pauperis* when seeking future such writs, because "part of the Court's responsibility is to see that [limited] resources are allocated in a way that promotes the interests of justice"); Peterson v. State, 817 So. 2d 838, 840 (Fla. 2002) (limiting petitioner's ability to file in pursuance of court's "responsibility to ensure every citizen's right of access to the courts"); Jackson v. Fla. Dep't of Corrections, 790 So. 2d 398, 400 (Fla. 2001) (holding that supreme court "has the inherent authority to limit [the] right [to represent oneself] when pro se litigation becomes so disruptive that it threatens to deny other litigants their rights").

Golden, 60 So. 3d at 462.

The trial court's inherent authority to limit abuses of process must be exercised in light of the constitutional rights of citizens to access the courts, and in particular a prisoner's right to challenge the lawfulness of his or her detention under a criminal sentence. The Third District Court of Appeal has explained:

> We recognize that incarcerated persons must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarceration. State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999). On the other hand, successive motions which have been heard, considered, rejected and then raised again, are an abuse of process. Conception v. State, 944 So. 2d 1069, 1072 (Fla. 3d DCA 2000).

Jefferson v. State, 159 So. 3d 939, 940 (Fla. 3d DCA 2015).

2

Accordingly, a trial court's exercise of its duty to limit abuses of court processes in order to preserve the access to courts for all litigants must be undertaken in consideration of the constitutional rights of the pro se litigant in each case. Due process requires notice of the intended sanction to the pro se litigant and an opportunity to show cause why the sanction should not be imposed. Spencer; McGuire v. State, 979 So. 2d 262 (Fla. 2d DCA 2007).

In this case, the circuit court's order dismissing Appellant's most recent postconviction motion included the directive to show cause why sanctions should not be imposed. The circuit court specified that the judgment and sentence became final upon affirmance by this Court, in 2001. The circuit court then referred to the two-year limitation period for filing motions under rule 3.850, and the three exceptions to that time limit. The circuit court made a specific finding that Appellant's motion did not qualify for the exception Appellant relied on, when "facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1). The circuit court found that Appellant had not alleged at what date he discovered the possibility that he would be subject to Community Control even if he were released after serving 85% of his sentence. In addition, the circuit court found that even if such discovery had been within two years of his sentence becoming final, "conditional release is 'an application of

3

long-standing statutory law,' it is not a fact and it is not newly discovered. <u>Dwyer v. State</u>, 981 So. 2d 606, 609 (Fla. 4th DCA 2008)." Accordingly, the motion at issue before the circuit court did not qualify for the exception to the two-year time bar under rule 3.850. The circuit court's order referred to a previous order dismissing a previous postconviction motion in the same case, in which Appellant was warned that further motions could result in sanctions. The circuit court then copied its order to the Department of Corrections for administrative sanctions against Appellant, and directed Appellant to show cause to the circuit court why his ability to file additional pro se motions in the criminal case should not be curtailed.

Appellant responded to the circuit court's order, and the circuit court considered this response prior to entering the order now on appeal. The circuit court noted its review of Appellant's postconviction filings and found that Appellant's postconviction remedies had been exhausted. Relying on <u>Lambrix v. State</u>, 124 So. 3d 890, 902 (Fla. 2013); <u>Ferris v. State</u>, 100 So. 3d 142, 144 (Fla. 1st DCA 2012) (Wetherell, J., concurring); <u>Cassaday v. State</u>, 683 So. 2d 1194 (Fla. 5th DCA 1996); and <u>Isley v. State</u>, 652 So. 2d 409, 410 (Fla. 5th DCA 1995), the circuit court prohibited Appellant from filing any additional pro se motions, pleadings, or petitions relating to his conviction and sentence.

Appellant then appealed to this Court the circuit court order prohibiting pro

se filing in the circuit court. Upon this Court's own motion, Appellant was ordered to show cause why his filing of twenty-four previous appeals and petitions should not subject him to sanctions by this Court.[1] None of Appellant's previous invocations of this Court's jurisdiction resulted in any relief in his favor, yet even subsequent to this appeal, Appellant has filed an additional five appeals in this Court.[2] Appellant's response to this Court's order to show cause fails to provide any ground upon which his multitude of pro se appeals should not be deemed an abuse of processes and waste of the limited resources of this Court and the State.

Accordingly, the order on appeal was within the circuit court's sound

---

[1] Edwards v. State, 781 So. 2d 365 (Fla. 1st DCA 2001); Edwards v. State, 790 So. 2d 408 (Fla. 1st DCA 2001); Edwards v. State, 812 So. 2d 406 (Fla. 1st DCA 2002); Edwards v. State, 819 So. 2d 754 (Fla. 1st DCA 2002); Edwards v. State, Case No. 1D02-3224; Edwards v. State, Case No. 1D02-3243; Edwards v. State, 858 So. 2d 1055 (Fla. 1st DCA 2003); Edwards v. State, 886 So. 2d 229 (Fla. 1st DCA 2004); Edwards v. State, 903 So. 2d 939 (Fla. 1st DCA 2005); Edwards v. State, Case No. 1D05-4629; Edwards v. State, 971 So. 2d 119 (Fla. 1st DCA 2007); Edwards v. State, Case No. 1D07-1693; Edwards v. State, 5 So. 3d 671 (Fla. 1st DCA 2009); Edwards v. State, 32 So. 3d 624 (Fla. 1st DCA 2010); Edwards v. State, 34 So. 3d 4 (Fla. 1st DCA 2010); Edwards v. State, Case No. 1D09-5660; Edwards v. State, Case No. 1D09-5661; Edwards v. State, Case No. 1D11-1769; Edwards v. State, Case No. 1D13-2211; Edwards v. Crews, 124 So. 3d 422 (Fla. 1st DCA 2013); Edwards v. State, 127 So. 3d 505 (Fla. 1st DCA 2013); Edwards v. State, 128 So. 3d 134 (Fla. 1st DCA 2013); Edwards v. State, 139 So. 3d 981 (Fla. 1st DCA 2014); Edwards v. State, Case No. 1D14-2246.

[2] Edwards v. Dep't of Corr., 178 So. 3d 486 (Fla. 1st DCA 2015); Edwards v. State, Case No. 1D15-3799; Edwards v. State, Case No. 1D15-5009; Edwards v. Dep't of Corr., __So. 3d__, 2016 WL 899852 (Fla. 1st DCA March 9, 2016); Edwards v. State, Case No. 1D16-0318.

discretion and is AFFIRMED. In addition, Appellant is prohibited from filing any future appeals or petitions in this Court relating to Case Numbers 1997 CF 007651 and 1999 CF 008883, 4th Judicial Circuit in and for Duval County, unless the documents are signed by an attorney in good standing with the Florida Bar. White v. State, 104 So. 3d 1127 (Fla. 1st DCA 2012). The Clerk of this Court is directed to reject any additional pro se filings by Appellant relating to Case Numbers 1997 CF 007651 and 1999 CF 008883, 4th Judicial Circuit in and for Duval County.

IT IS SO ORDERED.

RAY and JAY, JJ., CONCUR.