# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3770
_____

DAVID CHARLES SUSSMAN,

Appellant,

v.

DEPARTMENT OF CORRECTIONS,

Appellee.

_____

On appeal from the Circuit for Leon County.
Charles W. Dodson, Judge.

June 7, 2019

PER CURIAM.

Appellant David Charles Sussman has challenged a prison disciplinary report and an order of sanctions entered by the trial court. We affirm the trial court's decision to deny his petition for writ of mandamus without comment. We agree with Mr. Sussman, however, that the record does not presently support the sanctions order prohibiting him from all future pro se filings.

During the course of litigating the petition for writ of mandamus, the Department of Corrections filed a motion for sanctions. The trial court issued an order requiring Appellant to show cause as to why he should not "be prohibited from filing future pro se pleadings in this case." The rationale in the show cause order for considering sanctions was that Appellant had filed

repetitious and frivolous pleadings. The order also noted that Appellant had filed fifteen causes of action, including ten during the last three years. The court attached a printout showing the list of cases Appellant had filed, four of which were still open cases. The printout did not indicate the nature of the closed cases, or how they had been resolved.

In response to the show cause order, Appellant contended that his pleadings weren't abusive, and that only three of the cases listed by the trial court had been decided adversely against him. After receiving Appellant's response, the court concluded that the actions were repetitious and frivolous and prohibited him from pro se "commencing any actions in [the Circuit Court for Leon County]," except for bona fide habeas corpus petitions.

Litigants "abuse[] the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims." *State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999). Accordingly, "[c]ourts may, upon a *demonstration* of egregious abuse of the judicial process, restrict parties from filing pro se pleadings with the court." *Spencer v. State*, 717 So. 2d 95, 96 (Fla. 1st DCA 1998) (emphasis added). However, "a trial court's exercise of its duty to limit abuses of court processes in order to preserve the access to courts for all litigants must be undertaken in consideration of the constitutional rights of the pro se litigant in each case." *Edwards v. State*, 192 So. 3d 522, 524 (Fla. 1st DCA 2016).

In this case, Appellant was prohibited from filing any new actions pro se, after the show cause order had warned of a more limited, case-specific sanction. With respect to Appellant's litigation history, his response to the show cause order indicated that most of the fifteen cases cited by the trial court either remained pending or were decided in his favor. Based on this limited record, we cannot conclude that the severe sanction of a total prohibition on pro se filings is supported by the record. Accordingly, we reverse the order prohibiting Appellant from commencing pro se actions. On remand, the trial court may again consider sanctions, but must show how Appellant abused the

judicial process by more than just reciting the number of cases he has filed.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF, OSTERHAUS, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

David Charles Sussman, Appellant, pro se.

Ashley Moody, Attorney General, and Kristen J. Lonergan, Assistant Attorney General, Tallahassee, for Appellee.