# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-5073

_____

BRYAN FLOWERS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

September 9, 2019

RAY, C.J.

Bryan Flowers appeals an order dismissing with prejudice his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, and a later order imposing sanctions. We affirm.

In 2014, Flowers was convicted of second-degree murder and possession of a firearm by a convicted felon. He was sentenced as a habitual felony offender ("HFO") to fifty years in prison with a mandatory minimum of twenty years for the murder, and a consecutive thirty years with a mandatory minimum of three years for the firearm possession. This court upheld his conviction and sentence on direct appeal without opinion and mandate issued

almost four years ago in 2015. *Flowers v. State*, 171 So. 3d 704 (Fla. 1st DCA 2015).

The following month, Flowers filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) arguing that his consecutive mandatory minimum sentences were illegal. The denial of that motion was affirmed on appeal. *Flowers v. State*, 226 So. 3d 816 (Fla. 1st DCA 2017). Flowers then filed his first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising four claims of ineffective assistance of counsel. After denying his request to amend or supplement that motion, the postconviction court denied his motion, and we affirmed that decision on appeal. *Flowers v. State*, 236 So. 3d 1011 (Fla. 1st DCA 2017). Flowers next filed another 3.800(a) motion arguing that his consecutive HFO sentences were illegal. The postconviction court denied his motion because the same claim had been rejected in his first 3.800(a) motion but also explained why his claim lacked merit. We again affirmed the decision on appeal. *Flowers v. State*, 237 So. 3d 482 (Fla. 1st DCA 2018).

One month after he filed his second 3.800(a) motion, Flowers filed a successive 3.850 motion raising the same claims he unsuccessfully tried to add to his first 3.850 motion. The postconviction court denied his motion as successive and issued a warning that if he continued to file frivolous, successive pro se motions, he would be referred to the Department of Corrections ("DOC") for the imposition of disciplinary proceedings under section 944.279(1), Florida Statutes, and he could also be prohibited from submitting pro se filings in the future. We affirmed that decision on appeal. *Flowers v. State* 253 So. 3d 1068 (Fla. 1st DCA 2018).

Later in 2018, Flowers filed yet another successive 3.850 motion raising four new claims of ineffective assistance of counsel and a fifth claim related to his habitual traffic violations that had been raised and rejected twice before. The postconviction court dismissed his motion as untimely and successive, found that he had committed an abuse of judicial procedure by filing repetitive and frivolous postconviction motions, and ordered him to show cause why he should not be barred from further pro se filings in

the instant case. In response, Flowers reargued his habitual traffic violations claim, and suggested the court issue a "strong warning" rather than impose sanctions on him because he is not trained in the law and relies on prison law clerks to help prepare his court filings. The court disagreed. It found that Flowers had abused the judicial process by filing frivolous claims, wasted the court's limited and valuable time, deprived other indigent petitioners of the opportunity to have their motions addressed in a timely manner, and proved that he had no intention of abiding by the court's decisions or heeding its warnings. The court then barred him from filing any further pro se pleadings in the instant case and referred him to prison officials for the imposition of disciplinary proceedings.

*Order Dismissing Postconviction Claims*

It is improper for a defendant to raise claims of ineffective assistance of counsel piecemeal by filing successive motions. *Pope v. State*, 702 So. 2d 221, 223 (Fla. 1997). A second or successive rule 3.850 motion is an extraordinary pleading. As such, a court may dismiss the motion if it fails to allege new grounds and the prior decision was on the merits or, if new grounds are alleged, the court finds that the defendant's failure to raise those grounds in a prior motion was an abuse of process or there was no good cause for the failure to raise them previously. Fla. R. Crim. P. 3.850(h)(2). Additionally, ineffective assistance claims filed more than two years after the judgment and sentence become final are procedurally barred as untimely unless they fall within an exception to the two-year deadline. *Martinez v. State*, 265 So. 3d 690, 692 (Fla. 1st DCA 2019).

Here, Flowers's four new claims of ineffective assistance of counsel are untimely because they were raised more than two years after his conviction became final, and he has failed to show justification for not raising them in his initial 3.850 motion. Thus, they are procedurally barred. *See* Fla. R. Crim. P. 3.850(b). His remaining ineffective assistance claim about his habitual traffic violations has already been raised twice and rejected by the courts, the first time on the merits. *See Carroll v. State*, 192 So. 3d 525, 526–27 (Fla. 1st DCA 2016) (observing that prisoners waste valuable and limited court resources by filing successive

3

postconviction claims that have already been addressed). For these reasons, we affirm the order dismissing his postconviction claims with prejudice.

*Order Imposing Sanctions*

A circuit court's order prohibiting an inmate from filing additional pro se pleadings is reviewed for an abuse of discretion. *Edwards v. State*, 192 So. 3d 522, 523 (Fla. 1st DCA 2016). A court has the inherent authority to limit abuses of the judicial process by pro se litigants whose frivolous or excessive filings interfere with the timely administration of justice. *See Rivera v. State*, 728 So. 2d 1165, 1166 (Fla. 1998). But that authority must be exercised with careful consideration for an inmate's right to challenge his incarceration. *Edwards,* 192 So. 3d at 523. A court must provide an inmate with notice of the sanctions it intends to impose and an opportunity to respond before it prohibits any further pro se filings. *Toliver v. Crews*, 146 So. 3d 64, 65 (Fla. 1st DCA 2014). The court must also demonstrate that the inmate has abused the judicial process. *State v. Spencer*, 717 So. 2d 95, 96 (Fla. 1st DCA 1998). Conversely, a court can refer an inmate to the DOC for disciplinary proceedings under section 944.279 based on frivolous court filings without giving him notice or an opportunity to respond. *Ponton v. Willis*, 172 So. 3d 574, 576–77 (Fla. 1st DCA 2015).

A claim need not be repetitive for it to be frivolous or an abuse of the judicial process. *Carter v. State*, 82 So. 3d. 1069, 1071 (Fla. 4th DCA 2011); *see also Johnson v. State*, 44 So. 3d 198, 200 (Fla. 4th DCA 2010) ("Untimely postconviction challenges, which do not establish an exception to the two-year time limit, are abusive and sanctionable"). Nor is there any "fixed number of filings that constitute an abuse of process." *Dennis v. State*, 685 So. 2d. 1373, 1374–75 (Fla. 3d DCA 1996).

In this case, the postconviction court recounted Flowers's extensive history of unsuccessful collateral attacks on his conviction and sentence. It specifically noted that several of his claims had been raised and rejected in prior motions, and each of those decisions had been affirmed on appeal. Even a warning from the court in its previous order did not deter Flowers from filing a

new round of frivolous and untimely claims, including one that was denied on the merits in his initial 3.850 motion. His response that he is untrained in the law and relies on the advice of prison law clerks is not a valid excuse. *See Wallace v. State*, 127 So. 3d 707, 707 (Fla. 4th DCA 2013). The postconviction court conscientiously detailed how Flowers's repeated filing of frivolous pro se pleadings defied the law and impaired the rights of those with legitimate claims. We thus affirm the order imposing sanctions.

AFFIRMED.

BILBREY and JAY, JJ., concur.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————

Bryan Flowers, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.