987 So.2d 206 (2008)
Arthur Lee JOHNSON, Petitioner,
v.
OFFICE OF the STATE ATTORNEY, etc., Respondents.
No. 5D08-710.
District Court of Appeal of Florida, Fifth District.
July 25, 2008.
*207 Arthur Lee Johnson, Sanderson, pro se.
No Appearance for Respondents.
COHEN, J.
Arthur Lee Johnson filed a petition for writ of quo warranto challenging the validity of his 1974 convictions for robbery. Johnson alleges that the state attorney and judge, elected officials who presided over his cases, did not submit an Oath of Office as required by article II, section 5(b) of the Florida Constitution (1973). As a result, Johnson argues that his judgments and sentences were null and void because these elected officials lacked the authority of their office, and thus the subject matter of the court was never properly invoked. Because of its increasing popularity, we write to explain why a writ of quo warranto is not a proper method to obtain postconviction relief.
Quo warranto is "[a] common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." Black's Law Dictionary 1285 (8th ed. 2004). It is properly used to challenge the "power and authority" of a constitutional officer. Crist v. Fla. Ass'n of Criminal Defense Lawyers, Inc., 978 So.2d 134, 139 n. 3 (Fla.2008) (quoting Austin v. State ex rel. Christian, 310 So.2d 289, 290 (Fla.1975)). The supreme court in Geffken v. Strickler, 778 So.2d 975, 976 n. 1 (Fla.2001), passed upon a quo warranto petition challenging a conviction and sentence, but specifically declined to express an opinion on whether quo warranto was an appropriate method to seek postconviction relief. We believe it is not.
Challenges to the authority of the prosecuting authority or presiding judge, while not commonplace, are not unknown. In Sawyer v. State, 94 Fla. 60, 113 So. 736 (1927), the defendant argued that his trial was null and void because the assistant solicitor was not authorized to sign an information. This argument was first raised in a motion to vacate the judgment with the trial court[1] and the denial of that *208 motion was part of the direct appeal. Id. at 742. The supreme court concluded that the defendant waived this argument because he failed to raise it before the judgment and sentence were entered. Id. The supreme court stated, "Neither the common law nor our statutes favor the policy of a defendant in waiting until the last stage of the cause and attacking such defects by a motion in arrest of judgment, the granting of which would have the effect of unraveling (sic) the whole proceeding." Id. at 745.
In Card v. State, 497 So.2d 1169 (Fla. 1986), a visiting judge presided over the defendant's trial without obtaining an official assignment from the chief justice of the supreme court, as required by article V, section 2(b) of the Florida Constitution. As a result, the defendant argued that his conviction was void and sought to vacate the judgment pursuant to Florida Rule of Criminal Procedure 3.850. Id. at 1173. In rejecting this argument, the supreme court noted that the visiting judge was acting as a de facto judge and that the defendant waived this argument because he failed to object to the visiting judge presiding over his case. Id. Applying the same rationale utilized in Sawyer, the supreme court stated:
The requirement that an objection to the authority of a de facto judge be timely made is not unique to our jurisdiction and is based upon sound principles of public policy. Our holding in Sawyer, regarding the requirement of a timely objection when challenging the authority of a de facto officer applies with equal force when challenging the authority of a de facto judge.
Id. at 1174.
Not only must a challenge to the authority of a judge or prosecutor be timely, but it also must be brought by a direct quo warranto proceeding. Ordinarily, this should first be presented to the circuit court. State ex rel. Vance v. Wellman, 222 So.2d 449, 449 (Fla. 2d DCA 1969). In Carey v. State, 349 So.2d 820 (Fla. 3d DCA 1977), the defendant challenged, on direct appeal, the denial of his motion to dismiss on the ground that the assistant state attorney lacked the legal authority to sign the information. The court refused to pass upon this argument, stating "The law is clear in this state that when the power and authority of an assigned state attorney is tested, it should be done in direct proceedings by quo warranto, and not by appeal." Id. at 822. Noting that it saw no reason why a quo warranto proceeding could not have been utilized, the court concluded that the defendant waived his right to have this argument reviewed on appeal. Id.; see also Snead v. State, 415 So.2d 887, 890 (Fla. 5th DCA 1982).
In the case at bar, Johnson attempts to have his robbery convictions set aside thirty-four years after he was found guilty. However, his allegation that both the state attorney and trial judge did not properly file an Oath of Office were matters that could and should have been brought in a direct quo warranto proceeding. A quo warranto petition does not properly form the basis of a direct appeal. Carey, 349 So.2d at 822. Furthermore, a defendant may not utilize the extraordinary writ of quo warranto as a postconviction safety net to challenge the authority of the prosecuting authority or judge when the outcome of the trial was not as he expected or hoped for. Consequently, Johnson has waived the right to complain of these defects and may not now challenge his convictions either by direct appeal or a postconviction petition for writ of quo warranto. See Card, 497 So.2d 1169; Carey, 349 So.2d 820.
*209 Accordingly, Johnson's Petition for Writ of Quo Warranto is DISMISSED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] The motion was filed after the expiration of the term of court during which Sawyer was tried and sentenced.