PER CURIAM.
 

 Edward Smith (Defendant) appeals the summary denial of his rule 3.850 motion for postconviction relief. We affirm.
 

 In 2008, defendant filed a petition for writ of quo warranto in the circuit court, challenging his 1996 conviction and sentence. Specifically, he claimed that the trial court was without jurisdiction to convict him or impose a sentence on him because, he alleged, the assistant state attorney who prosecuted him was not a duly designated assistant state attorney. The trial court treated the petition as a rule 3.850 motion for postconviction relief and ordered a state response. Before the state filed its response, defendant moved to withdraw the motion and another then-pending rule 3.800(a) motion.
 
 [1]
 
 In its response filed below, the state recommended that the trial court dismiss defendant’s pending motions without prejudice. Nevertheless, the trial court instead denied the rule 3.850 motion.
 

 Although the trial court should have allowed defendant to withdraw his petition,
 
 Hampton v. State,
 
 949 So.2d 1197, 1199 (Fla. 4th DCA 2007) (“Unless there is prejudice to the state, a rule 3.850 movant is entitled to withdraw his motion before it is ruled on.”), and the proper disposition on considering the petition should have been
 
 *265
 
 to dismiss it,
 
 see Johnson v. Office of State Attorney,
 
 987 So.2d 206 (Fla. 5th DCA 2008), in the interest of judicial economy we simply affirm the summary denial.
 
 See Richardson v. State,
 
 918 So.2d 999 (Fla. 5th DCA 2006) (affirming denial of habeas corpus petition for purposes of judicial economy, where proper disposition was dismissal, as petition would be untimely or successive if considered as rule 3.850 motion, and raised a claim that could have been raised at trial or on appeal).
 

 Affirmed.
 

 GROSS, C.J., WARNER and TAYLOR, JJ., concur.
 

 [1]
 

 . Defendant labeled it as a "motion to recind [sic] current motions.”