PER CURIAM.
This petition for writ of mandamus challenges petitioner’s 2004 Escambia County Circuit Court judgment and sentence for sexual battery. Because this petition violates a prior opinion of this court imposing sanctions against petitioner, we strike the petition as unauthorized and refer the matter to the Department of Corrections for disciplinary action.
In case number 1D10-3485, petitioner filed a petition for writ of habeas corpus in this court concerning the same 2004 Es-cambia County Circuit Court judgment and sentence for sexual battery. An order issued in that case directing petitioner to show cause why sanctions should not be imposed against him. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (recognizing the potential for abuse of the right to pro se access to the courts but declaring “it is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence”). The show cause order noted that petitioner had repeatedly challenged the 2004 Escambia County judgment and sentence for sexual battery, but he had failed to obtain relief in this court by criminal appeal, appeal from the denial of a motion *624 for postconviction relief, petition for writ of habeas corpus or petition alleging ineffective assistance of appellate counsel. Ultimately, this court issued an opinion[1] which dismissed the petition and imposed sanctions against petitioner, including a prohibition against filing any further pro se pleadings in this court challenging the 2004 Escambia County judgment and sentence unless he was represented by a member in good standing of The Florida Bar. See Fails v. State, 46 So.3d 1032 (Fla. 1st DCA 2010).
Petitioner now seeks a writ of mandamus[2] to challenge the same 2004 Escambia County Circuit Court judgment and sentence for sexual battery. The petition is wholly meritless, because there is no showing that petitioner has “a clear legal right to the requested relief, the respondent [has] an indisputable legal duty to perform the requested action, and the petitioner [has] no other adequate remedy available.” Huffman v. State, 813 So.2d 10,11 (Fla.2000).
We find that the petition filed in this case-is frivolous. Accordingly, a certified copy of this opinion shall be provided to the Florida Department of Corrections to be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the Department as provided in section 944.279, Florida Statutes (2013). See Ibarra v. State, 45 So.3d 911 (Fla. 4th DCA 2010) (stating that a show cause order is not required for the imposition of sanctions under section 944.279). Any future pleadings filed by petitioner which violate this order may result in the imposition of additional sanctions, including another referral to the Department for disciplinary procedures under section 944.279. See Fla. R. App. P. 9.410.
Finally, we note that since the sanction opinion issued in Fails v. State, 46 So.3d 1032 (Fla. 1st DCA 2010), petitioner has filed seven additional cases in this court, six of which have been dismissed or denied without relief. One case remains pending. Petitioner is warned that the filing of any additional appeals or petitions which are determined to be frivolous may result in an order barring all pro se filings by petitioner in this court. See Fla. R. App. P. 9.410.
THOMAS, WETHERELL, and MARSTILLER, JJ., concur.

. We note that the opinion imposing sanctions in case number 1D10-3485 included a scrivener’s error. The petition and all pleadings filed by petitioner in that case incorrectly cited the Escambia County circuit court case number as 2004-CF-3337-A. As a result, our opinion also cited to that incorrect case number. We find that this scrivener’s error does not preclude the imposition of sanctions at this juncture because our show cause order on sanctions cited 16 prior cases filed in this court which concerned the correct Escambia County circuit court case number 2004-CF-3733-A.

. This petition for writ of mandamus was originally filed in the Florida Supreme Court, which transferred the petition to this court pursuant to Harvard. v. Singletary, 733 So.2d 1020 (Fla 1999) (stating that the supreme court would decline to exercise jurisdiction over petitions which raise substantial issues of fact or present individualized issues that do not require immediate resolution by the supreme court, or are not the type of case in which an opinion from the supreme court would provide important guiding principles for the other courts of this state). The fact that the petition was not directly filed by petitioner in this court is not a bar to the imposition of sanctions. Cf. Pettway v. State, 776 So.2d 930 (Fla.2000) (holding that when a party has been banned from appearing pro se in a particular tribunal, he or she cannot go to another tribunal to avoid the consequences of the sanction).