PER CURIAM.
Gregory Ponton appeals the summary denial of his “emergency” habeas petition challenging the legality of the order that committed him to the custody of the Department of Corrections (DOC) in October 1997. Because the claim raised by Ponton is frivolous, we affirm the denial of the petition and we direct the Clerk to forward a certified copy of this opinion to DOC for potential disciplinary action against Pon-ton.
Ponton is a prisoner serving a life sentence. He contends that he is entitled to immediate release because the October 1997 order committing him to the custody of DOC is “null and void” because the judge who presided over his case was “an imposter impersonating a Circuit Judge of the Eleventh Judicial Circuit Court.” Specifically, Ponton claimed that the judge lacked the requisite authority to preside over his case and sentence him to prison because the judge did not file his Oath of Office until September 1996.
The record reflects that the judge who presided over Ponton’s case was appointed to the circuit court in February 1996, and that he was subsequently reelected in November 1996 to a six-year term commencing in January 1997. The judge’s first involvement in the case was in March 1996 when he presided over Ponton’s arraignment. Ponton’s trial was held in August 1997, and he was sentenced in October 1997.
The claim asserted in the habeas petition is frivolous, as is this appeal seeking reversal of the order summarily denying the petition. See Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883, 883 (1935) (explaining that a frivolous appeal “is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it' can ever succeed”). First, a habeas petition is not the proper method to challenge the judge’s authority to preside over a case and, in any event, the time for raising such a challenge has long since passed. See Johnson v. Office of the State Attorney, 987 So.2d 206, 208 (Fla. 5th DCA 2008) (citing Card v. State, 497 So.2d 1169 (Fla.1986)). Second, even if the judge somehow lacked the requisite authority to preside over Ponton’s case prior to September 1996, there is no question that the judge had such authority in October 1997 *576 when he entered the specific order challenged by Ponton in his habeas petition.
When a court determines that a claim raised by a prisoner is frivolous, the court is authorized to refer the matter to DOC for potential disciplinary action against the prisoner. See § 944.279(1), Fla. Stat. (2015) (requiring the court to “issue a written finding [that the claim is frivolous] and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of [DOC] as provided in s. 944.09”). DOC’s rules provide for up to 60 days of disciplinary confinement and the loss of all gain time when the prisoner is found by a court to have brought a frivolous claim. See Fla. Admin. Code R. 33-601.314, at § 9-32. The loss of gain time may not deter a life-sentenced inmate such as Pon-ton from frivolous filings, but disciplinary confinement might.
It is not necessary to issue a Spencer[1] order before making such a referral, see Fails v. State, 137 So.3d 623, 624 (Fla. 1st DCA 2014) (citing Ibarra v. State, 45 So.3d 911 (Fla. 4th DCA 2010)), and the prisoner need not be a “frequent-filer” who has previously raised the same or similar claim to be referred for disciplinary action under section 944.279(1),[2] see Johnson v. State, 44 So.3d 198, 200 (Fla. 4th DCA 2010) (“A claim need not be repetitive to be frivolous or to be an abuse of the post-conviction process. Under section 944.279, a court may sanction any *577 frivolous post-conviction filing and/or appeal regardless of the prisoner’s history of filing.”). All that matters is that the court find the claim to be frivolous. Having done so, we direct the Clerk to forward a certified copy of this opinion to DOC for potential disciplinary action against Pon-ton.
Finally, we caution Ponton that further frivolous collateral challenges to his judgment and sentence may result in the imposition of additional sanctions, including a prohibition on further pro se filings in this court. See Spencer, 751 So.2d at 48 (“[A]ny citizen, including a citizen attacking his or her conviction, abuses the right to pro se access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims.”).
AFFIRMED.
THOMAS, WETHERELL, and RAY, JJ., concur.

. State v. Spencer, 751 So.2d 47 (Fla.1999).

. Although this is Ponton’s first case in this court, he has filed numerous unsuccessful pro se appeals and petitions in the Third District Court of Appeal and the Florida Supreme Court after his conviction and sentence were affirmed on direct appeal. See Ponton v. State, 153 So.3d 908 (Fla.2014) (dismissing petition for writ of mandamus); Ponton v. Crews, 116 So.3d 1262 (Fla.2013) (dismissing petition for writ of habeas corpus); Ponton v. State, 881 So.2d 1113 (Fla.2004) (dismissing petition for writ of habeas corpus); Ponton v. Moore, 829 So.2d 919 (Fla.2002) (dismissing petition for writ of mandamus); Ponton v. State, 147 So.3d 1004 (Fla. 3d DCA 2014) (denying petition for belated appeal); Ponton v. State, 117 So.3d 1099 (Fla. 3d DCA 2013) (denying petition for writ of certiorari); Pon-ton v. State, 106 So.3d 946 (Fla. 3d DCA 2012) (denying petition for belated appeal); Ponton v. State, 88 So.3d 950 (Fla. 3d DCA 2012) (affirming summary denial of motion for postconviction relief); Ponton v. State, 46 So.3d 1011 (Fla. 3d DCA 2010) (affirming summary denial of motion for postconviction relief); Ponton v. State, 31 So.3d 186 (Fla. 3d DCA 2010) (affirming summary denial of motion for postconviction relief); Ponton v. State, 16 So.3d 918 (Fla. 3d DCA 2009) (affirming denial of motion challenging habitual offender designation), approved by, 73 So.3d 70 (Fla.2011); Ponton v. State, 971 So.2d 813 (Fla. 3d DCA 2007) (affirming denial of motion for postconviction relief), review denied, 984 So.2d 519 (Fla.2008); Ponton v. Moore, 827 So.2d 1004 (Fla. 3d DCA 2002) (denying petition for writ of habeas corpus); Ponton v. State, 802 So.2d 385 (Fla. 3d DCA 2001) (affirming denial of motion for postconviction relief), review denied, 817 So.2d 849 (Fla.2002); Ponton v. State, 796 So.2d 630 (Fla. 3d DCA 2001) (affirming denial of motion to correct sentencing error); Ponton v. State, 784 So.2d 1115 (Fla. 3d DCA) (denying petition for writ of prohibition), review denied, 790 So.2d 1107 (Fla.2001); Ponton v. State, 756 So.2d 1018 (Fla. 3d DCA 2000) (affirming denial of motion for postconviction relief); Ponton v. State, 743 So.2d 524 (Fla. 3d DCA 1999) (denying petition for writ of mandamus). He also filed several unsuccessful pro se petitions prior to his conviction in which he named the judge as a respondent. See Ponton v. Schumacher, 691 So.2d 1085 (Fla. 3d DCA 1997) (denying petition for writ of mandamus); Ponton v. Schumacher, 688 So.2d 928 (Fla. 3d DCA 1997) (denying petition for writ of prohibition); Ponton v. Schumacher, 678 So.2d 1297 (Fla. 3d DCA 1996) (denying petition for writ of prohibition); Ponton v. Schumacher, 677 So.2d 848 (Fla. 3d DCA 1996) (denying petition for writ of mandamus); Ponton v. Schumacher, 676 So.2d 427 (Fla. 3d DCA 1996) (denying petition for writ of mandamus).