IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROOSEVELT CARROLL, JR.,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0309

Opinion filed May 3, 2016.

An appeal from an order of the Circuit Court for Bradford County.
Mark W. Moseley, Judge.

Roosevelt Carroll, Jr., pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM

     Roosevelt Carroll, Jr., appeals the denial of a petition for writ of habeas corpus challenging his 2006 conviction. The petition alleged that the trial court committed fundamental error when it instructed the jury on the lesser-included offense of manslaughter and that the evidence was insufficient to prove that the stab wound Carroll inflicted on the victim was fatal because the medical examiner

"botched" the autopsy report. The trial court properly treated the petition as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and summarily denied the motion. We affirm.

Carroll was convicted of second-degree murder and sentenced to life in prison in 2006. We per curiam affirmed his direct appeal, see Carroll v. State, 4 So. 3d 1223 (Fla. 1st DCA 2009) (unpublished table decision), and the mandate issued more than seven years ago, on April 1, 2009.

This appeal is at least Carroll's third bite at the proverbial apple. He filed two prior postconviction motions in which he raised one or both of the exact same claims that are in his current habeas petition.[1] The trial court summarily denied those motions, and we per curiam affirmed the denials. See Carroll v. State, 177 So. 3d 609 (Fla. 1st DCA 2015) (unpublished table decision); Carroll v. State, 66 So. 3d 941 (Fla. 1st DCA 2011) (unpublished table decision).

---

[1] In the motion at issue in case number 1D11-1470, Carroll alleged that the evidence was insufficient to convict him of second-degree murder because the medical examiner fabricated the autopsy report to conceal the fact the victim's death was caused by improper emergency room procedures rather than the stab wounds inflicted by Carroll, and in the motion at issue in case number 1D15-2606, Carroll raised this same insufficiency of the evidence claim along with the claim that the jury instructions on the lesser-included offense of manslaughter were fundamentally erroneous. Additionally, although not a postconviction motion, in case number 1D11-983, we affirmed the order denying the mandamus petition filed by Carroll in which he alleged that the medical examiner violated the law and should be removed from his position because he fabricated the autopsy findings in this case. See Carroll v. Med. Exam'rs Comm'n, 73 So. 3d 762 (Fla. 1st DCA 2011) (unpublished table decision).

Enough is enough. The postconviction process does not exist simply to give prisoners something to do in order to help them pass the time as they serve their sentences, and every minute the courts are required to spend on meritless postconviction filings is time that cannot be spent on other potentially meritorious cases. This is particularly true for successive postconviction claims that have already been presented to, and rejected by, the courts. See Fla. R. Crim. P. 3.850(h)(2), (n).

Here, the trial court issued a thorough, well-reasoned order explaining why the claims raised by Carroll in his current habeas petition were not only untimely and successive, but also meritless. That should have been the end of the matter, but Carroll chose to continue his frivolous attack on his now decade-old conviction by appealing the trial court's order to this court.

This appeal should never have been filed. It is frivolous and was a waste of this court's time and limited resources. See Johnson v. State, 44 So. 3d 198, 200 (Fla. 4th DCA 2000) ("Untimely post-conviction challenges, which do not establish an exception to the two-year time limit, are abusive and sanctionable, and an appeal from the denial of an untimely claim is frivolous when no arguable basis for an exception to the time limitation exists."). Accordingly, pursuant to section 944.279, Florida Statutes, we direct the Clerk to forward a certified copy of this opinion to the Department of Corrections for appropriate disciplinary action

3

against Carroll.  See Fails v. State, 137 So. 3d 623, 624 (Fla. 1st DCA 2014) (citing Ibarra v. State, 45 So. 3d 911 (Fla. 4th DCA 2010), for the proposition that a show cause order is not required before imposing sanctions under section 944.279); Cooper v. State, 89 So. 3d 979, 980 (Fla. 1st DCA 2012) (same). Additionally, we caution Carroll that additional frivolous postconviction appeals or petitions may result in an order barring him from further pro se filings in this court pertaining to his 2006 conviction.  See State v. Spencer, 751 So. 2d 47 (Fla. 1999).

AFFIRMED.

WOLF, WETHERELL, and KELSEY, JJ., CONCUR.