# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-794

_____

ANTUAN R. GOLDEN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Marianne L. Aho, Judge.

July 10, 2019

PER CURIAM.

We affirm without discussion the denial of Appellant's rule 3.800 motion challenging the legality of his habitual felony offender designation. Additionally, because the claim raised by Appellant in this motion is exactly the same as the as the claim he raised in a prior rule 3.800 motion that was denied on the merits and affirmed on appeal,[1] we find this appeal to be frivolous and an abuse of process. *See State v. McBride*, 848 So. 2d 287, 291 (Fla. 2003) ("Collateral estoppel . . . precludes a defendant from rearguing in a successive rule 3.800 motion the same issue argued

_____

[1] *Golden v. State*, Case No.1D16-4420, 229 So. 3d 1224 (Fla. 1st DCA 2017) (table).

in a prior motion."); *Carroll v. State*, 192 So. 3d 525, 526-27 (Fla. 1st DCA 2016) ("The postconviction process does not exist simply to give prisoners something to do in order to help them pass the time as they serve their sentences, and every minute the courts are required to spend on meritless postconviction filings is time that cannot be spent on other potentially meritorious cases."). Accordingly, we direct the Clerk to forward a certified copy of this opinion to the appropriate institution within the Department of Corrections for potential disciplinary action against Appellant pursuant to section 944.279, Florida Statutes, and the Department's rules. *See Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that a *Spencer* order is not required before referring the inmate for disciplinary action based upon a frivolous filing).

AFFIRMED.

B.L. THOMAS, WETHERELL, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Antuan R. Golden, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.

2