FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-0905
_____

KEVIN LAMAR FOUNTAIN,

　　Appellant,

　　v.

RICKY D. DIXON Secretary
Department of Corrections,

　　Appellee.

_____


On appeal from the Circuit Court for Santa Rosa County.
James Scott Duncan, Judge.

March 13, 2024

PER CURIAM.

　　Kevin Lamar Fountain, whose judgment and sentence became final in 2007, appeals the circuit court's order dismissing his petition for writ of habeas corpus. Fountain sought to collaterally attack his conviction for two counts of second-degree murder and two counts of attempted second-degree murder. Fountain alleges a defect in his indictment as the basis for his petition.

　　Finding no error by the trial court, we affirm. *See Baker v. State,* 878 So. 2d 1236, 1246 (Fla. 2004) (explaining that a trial court may dismiss, rather than transfer, a habeas petition when the petitioner seeks relief that "(1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be

considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief that were known or should have been known at the time the first motion was filed"); *Zuluaga v. Fla. Dep't of Corrs.*, 32 So. 3d 674, 677 (Fla. 1st DCA 2010).

This is the third time Fountain has sought to collaterally attack his nearly twenty-year-old judgment and sentence in this court. *See Fountain v. State*, 966 So. 2d 998 (Fla. 1st DCA 2007) (denying habeas petition alleging ineffective assistance of counsel); *Fountain v. State*, 16 So. 3d 134 (Fla. 1st DCA 2008) (affirming an order denying a rule 3.850 motion).

The court finds that this appeal is frivolous and refers Fountain to the Department of Corrections for sanctions. *See* § 944.279, Fla. Stat. (2023) (providing that "[a] prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections"); *Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that a *Spencer* order is not required before a court may refer an inmate for disciplinary action under the statute based on a frivolous filing).

Fountain is warned that any future filings that this court determines to be frivolous or malicious may result in the imposition of further sanctions, including a prohibition against any future pro se filings in this court.

AFFIRMED.

ROWE and BILBREY, JJ., concur; B.L. THOMAS, J., concurs in result.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Kevin Lamar Fountain, pro se, Appellant.

Ashley Moody, Attorney General, and Christina Piotrowski, Assistant Attorney General, Tallahassee, for Appellee.