FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-2629
_____

GEORGE L. JOHNSON,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition Alleging Ineffective Assistance of Appellate Counsel—
Original Jurisdiction.

June 26, 2024

PER CURIAM.

George L. Johnson filed a petition alleging ineffective assistance of his appellate counsel in his direct appeal of his 2021 judgment and sentence for lewd and lascivious molestation on a person between the ages of twelve and sixteen. Johnson alleges that his appellate counsel was ineffective for coercing him to voluntarily dismiss his direct appeal.[*]

_____

[*] Johnson moved pro se to voluntarily dismiss the appeal. This court ordered appellate counsel to show cause why the pro se motion should not be stricken. Counsel responded that the pro se motion should be stricken, but added that Johnson expressed his desire to counsel that he wished to abandon his direct appeal. This

This is Johnson's second petition alleging ineffective assistance of appellate counsel. This court denied the first petition on the merits. *See Johnson v. State*, 375 So. 3d 383 (Fla. 1st DCA 2023).

We dismiss the second petition because Johnson alleges new grounds for relief and we find that his failure to assert those grounds in his first petition was an abuse of procedure. *See* Fla. R. App. P. 9.141(c)(6)(C) (allowing the court to dismiss a second or successive petition).

This is Johnson's fourth filing in this court in two years in which he has sought to collaterally attack his judgment and sentence in Leon County Case Number 2018 CF 1456. *See Johnson v. State*, 375 So. 3d 383 (Fla. 1st DCA 2023) (denying petition alleging ineffective assistance of appellate counsel); *Johnson v. State*, 366 So. 3d 1063 (Fla. 1st DCA 2023) (affirming an order denying a rule 3.850 motion); *Johnson v. State*, Case No. 1D2023-2328 (appeal from order denying postconviction motion under Florida Rule of Criminal Procedure 3.850).

The court finds that this petition is frivolous and refers Johnson to the Department of Corrections for sanctions. *See* § 944.279, Fla. Stat. (2023) (providing that "[a] prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections"); *Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that a *Spencer* order is not required before a court may refer an inmate for disciplinary action under the statute based on a frivolous filing).

The court warns Johnson that any future filings that this court determines to be frivolous or malicious may result in the

---

court struck the pro se motion, treated counsel's response as a motion to voluntarily dismiss, and then dismissed the appeal. *See Johnson v. State*, Case No. 1D21-1720 (Fla. 1st DCA Oct. 26, 2021).

imposition of further sanctions, including a prohibition against any future pro se filings in this court.

DISMISSED.

ROWE, BILBREY, and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

George L. Johnson, pro se, Petitioner.

Ashley Moody, Attorney General, Tallahassee, for Respondent.

3