# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2328

_____

GEORGE L. JOHNSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Joshua W. Hawkes, Judge.

June 26, 2024

PER CURIAM.

George L. Johnson appeals an order dismissing his second postconviction motion filed under Florida Rule of Criminal Procedure 3.850. Johnson sought to collaterally attack his 2019 judgment and sentence for lewd and lascivious battery of a victim between the ages of twelve and sixteen. The court sentenced Johnson to fifty years in prison, with a fifty-year mandatory minimum as a dangerous sexual felony offender, and a fifteen-year mandatory minimum as a prison release reoffender.*

_____

\* Johnson was previously convicted of sexual battery and designated as a sexual predator. He was released from prison in

Johnson's first amended postconviction motion alleged that his trial counsel was ineffective for failing to investigate and suppress evidence from Johnson's arrest. After an evidentiary hearing, the trial court denied the motion on the merits. This court affirmed the trial court's order. *See Johnson v. State*, 366 So. 3d 1063 (Fla. 1st DCA 2023).

Then, in his second postconviction motion, Johnson alleged that his trial counsel was ineffective for failing to (1) object to improper closing arguments by the prosecutor and (2) move for a mistrial. The trial court dismissed the second motion as successive because Johnson alleged new or different grounds for relief, but offered no justification for his failure to assert the grounds in his first postconviction motion. The court found this failure to be an abuse of the process and dismissed the postconviction motion as successive. Finding no error by the trial court, we affirm. *See* Fla. R. Crim. P. 3.850(h)(2) (allowing a trial court to dismiss a second or successive postconviction motion when the defendant raises new or different grounds for relief and the court finds that the failure of the defendant to assert those grounds in a prior motion was an abuse of the procedure).

This is Johnson's fourth filing in this court in two years in which he has sought to collaterally attack his judgment and sentence in Leon County Case Number 2018 CF 1456. *See Johnson v. State*, 375 So. 3d 383 (Fla. 1st DCA 2023) (denying petition alleging ineffective assistance of appellate counsel); *Johnson v. State*, 366 So. 3d 1063 (Fla. 1st DCA 2023) (affirming an order

---

2017. Eleven months later, Johnson committed the offense he seeks to collaterally attack here.

In support of the trial court sentencing Johnson as a prison releasee reoffender and as a dangerous sexual felony offender, the State submitted certified copies of Johnson's prior judgments and sentences, including a 1999 judgment and sentence for a lewd and lascivious act in the presence of a child, a 2003 judgment and sentence for lewd and lascivious assault, and a 2003 judgment and sentence for sexual battery.

denying a rule 3.850 motion); *Johnson v. State*, Case No. 1D2023-2629 (petition alleging ineffective assistance of appellate counsel).

The court finds that this appeal is frivolous and refers Johnson to the Department of Corrections for sanctions. *See* § 944.279, Fla. Stat. (2023) (providing that "[a] prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections"); *Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that a *Spencer* order is not required before a court may refer an inmate for disciplinary action under the statute based on a frivolous filing).

The court warns Johnson that any future filings that this court determines to be frivolous or malicious may result in the imposition of further sanctions, including a prohibition against any future pro se filings in this court.

AFFIRMED.

ROWE, BILBREY, and KELSEY, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

George L. Johnson, pro se, Appellant.

Ashley Moody, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.

3