# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1133
_____

DAVID BAITY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Stephen Everett, Judge.

November 6, 2024


PER CURIAM.

David Baity appeals from an order dismissing his petition for a writ of habeas corpus. Baity sought to collaterally attack his 1995 judgment and life sentence for first-degree premeditated murder in Leon County Case Number 1995-CF-2254. Finding no error by the trial court, we affirm. *See Green v. State*, 975 So. 2d 1090, 1115 (Fla. 2008) ("Habeas corpus is not to be used for additional appeals of issues that could have been or were raised on appeal or in other postconviction motions."); *Baker v. State*, 878 So. 2d 1236, 1245–46 (Fla. 2004) ("[W]e will dismiss as unauthorized, habeas corpus petitions . . . that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised

at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 . . . .").

This is Baity's third time bringing the same claim before this court, and it is his fifth filing in which he has sought to collaterally attack his 1995 judgment and sentence. *See Baity v. State*, 770 So. 2d 1255 (Fla. 1st DCA 2000) (reversing an order denying a rule 3.850 motion, and remanding for appointment of counsel and a new evidentiary hearing); *Baity v. State*, 842 So. 2d 112 (Fla. 1st DCA 2003) (affirming an order denying a rule 3.850 motion); *Baity v. State*, Case No. 1D01-4939 (Fla. 1st DCA Feb. 6, 2002) (order dismissing appeal as duplicative); *Baity v. State*, 265 So. 3d 575 (Fla. 1st DCA 2019) (affirming an order denying a rule 3.850 motion).

The court finds that this appeal is frivolous and refers Baity to the Department of Corrections for sanctions. *See* § 944.279, Fla. Stat. (2023) (providing that "[a] prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections"); *Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that a *Spencer* order is not required before a court may refer an inmate for disciplinary action under the statute based on a frivolous filing).

The court warns Baity that any future filings that this court determines to be frivolous or malicious may result in the imposition of further sanctions, including a prohibition against any future pro se filings in this court. *See State v. Spencer*, 751 So. 2d 47, 49 (Fla. 1999) (holding that a court may deny a petitioner's pro se access to that court, after the petitioner fails to show cause pursuant to a show cause order, where the petitioner has filed repetitious and frivolous pleadings that diminish the court's ability to devote its finite resources to legitimate claims).

AFFIRMED.

OSTERHAUS, C.J., and ROWE and ROBERTS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


David Baity, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.