# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-0783
_____

TYRONE IVEY, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Madison County.
Wesley Douglas, Judge.

January 29, 2025

PER CURIAM.

Tyrone Ivey appeals from an order dismissing his petition for writ of habeas corpus. Ivey sought to collaterally attack his 2020 convictions and sentences for attempted manslaughter with a deadly weapon, aggravated assault, and leaving the scene of a crash involving injury in Madison County Case Number 2018-CF-240. Ivey's claims are procedurally barred and untimely. Finding no error by the circuit court, we affirm. *See Green v. State*, 975 So. 2d 1090, 1115 (Fla. 2008) ("Habeas corpus is not to be used for additional appeals of issues that could have been or were raised on appeal or in other postconviction motions.").

This court's records reflect that, along with this appeal, Ivey has at least three other pending appeals in our court raising the same or substantially similar arguments, including: 1D2024-2338, *Ivey v. State* (appealing an order dismissing a habeas petition with prejudice); 1D2024-0921, *Ivey v. State*, (appealing an order denying a motion for postconviction relief); 1D2024-0327, *Ivey v. State* (appealing an order denying motion for rehearing).

This court finds Ivey's appeal frivolous and refers him to the Department of Corrections for sanctions. *See* § 944.279, Fla. Stat. (2024) (providing that a prisoner who brings a frivolous claim "is subject to disciplinary procedures pursuant to the rules of the Department of Corrections"); *Ponton v. Willis,* 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that a *Spencer* order is not required before a court refers an inmate for sanctions).

Ivey is warned that any future filings this court finds to be frivolous may result in the imposition of further sanctions, including the prohibition against any future pro se filings in this court. *See State v. Spencer,* 751 So. 2d 47, 48–49 (Fla. 1999) (holding that a court may deny a petitioner's pro se access to that court where the petitioner has filed repetitious and frivolous pleadings that detract from the court's ability to devote resources to legitimate legal claims).

AFFIRMED.

ROBERTS, ROWE, and KELSEY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Tyrone Ivey, Jr., pro se, Appellant.

Attorney General and Anne Catherine Conley, Assistant Attorney General, Tallahassee, for Appellee.